HOWELL C. WILLIS and VIRGINIA L. WILLIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Willis v. Commissioner
Docket No. 16679-81.
United States Tax Court
T.C. Memo 1985-330; 1985 Tax Ct. Memo LEXIS 298; 50 T.C.M. (CCH) 340; T.C.M. (RIA) 85330; July 8, 1985. *298 Held: (1) Deficiencies in income tax for 1974 and 1975 sustained. (2) Additions to tax under secs. 6651(a), 6653(a), and 6654, I.R.C. 1954, against W, and under secs. 6653(b) and 6654, I.R.C. 1954, against H, sustained. Howell C. Willis, pro se. John S. Repsis, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Howell C. Willis
Additions to Tax
Sec. 6653(b)
Sec. 6654
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
1974
$2,862.10
$1,431.05
$77.02
1975
2,870.60
1,435.30
123.72
Virginia L. Willis
Additions to Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
1974
$2,822.10
$141.11
1975
2,870.60
$717.65
143.53
$124.93
The issues for decision are: (1) Whether the petitioners are liable for the deficiencies in income tax for 1974 and 1975 as determined by the Commissioner; (2) whether the petitioner, Virginia L. Willis, is liable for the additions to tax as determined by the Commissioner under section 6651(a) for failure *300 to file tax returns or to pay tax, section 6653(a) for negligence or intentional disregard of rules and regulations, and section 6654 for failure to pay estimated tax; and (3) whether the petitioner, Howell C. Willis, is liable for 1974 and 1975 for the additions to tax under section 6653(b) for fraud and section 6654 for failure to pay estimated tax. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Howell C. and Virginia L. Willis, were residents of Dallas, Tex., at the time they filed their petition in this case. Mr. Willis filed tax protestor type documents in lieu of valid Federal income tax returns for 1974 and 1975. Mrs. Willis filed an individual Federal income tax return for 1974 with the Internal Revenue Service; she did not file an income tax return for 1975. For 1971 and 1973, the petitioners filed joint Federal income tax returns. Mr. Willis filed tax protestor type documents in lieu of a valid income tax return for 1976. He filed no documents as tax returns for the years 1977 through 1982. *301 Mrs. Willis did not file a tax return for the years 1976 through 1982. The petitioners refused to provide information requested by the revenue agent examining their tax liabilities for 1974 and 1975.As a result, the revenue agent sought and obtained information from third parties, such as employers and financial institutions, in order to determine the petitioners' tax liabilities for 1974 and 1975. During 1974 and 1975, the petitioners received wages and had Federal income tax withheld as follows: Wages
Income Tax
Petitioner
Employer
Paid
Withheld
1974
Howell C.
Triple S.
$ 3,437.50
$247.50
Willis
Dynamics, Inc.
Joe D.
$19,322.00
$125.40
Urbanovsky
Petro-Chemical
Drafting Co.
Virginia L.
Holiday
$ 2,449.00
$355.53
Willis
Cleaning &
Laundry
Total
$25,208.50
$728.43
1975
Howell C.
Joe D.
$ 7,843.00
Willis
Urbanovsky
Petro-Chemical
Drafting Co.
Foster Design
$ 8,951.70
Co.
Total
$16,794.70
Prior to 1974, Mr. Willis submitted to his employer a Form W-4 (Employee's Withholding Exemption Certificate) claiming 4 exemptions for Federal income tax purposes. During 1974 and 1975, Mr. Willis *302 submitted the following Forms W-4 and Forms W-4E (Exemption From Withholding) to his employers: Number of
Date
Exemptions
Employer
Form
Filed
Claimed
Triple S. Dynamics
W-4
1/14/74
21
Petro-Chemical
W-4
5/3/74
15
Drafting Co.
Petro-Chemical
W-4
5/20/74
35
Drafting Co.
Petro-Chemical
W-4
8/15/74
45
Drafting Co.
Foster Design Co.
W-4E
5/27/75
Exempt
Petro-Chemical
W-4E
11/3/75
Exempt
Drafting Co.
Mr. Willis submitted the Forms W-4 and the Forms W-4E in order to stop the withholding of Federal income taxes from his wages. Mr. Willis attended college for some time, and he received a degree in mechanical engineering technology. He has also studied the Internal Revenue Code. Mr. Willis was indicted, tried, and convicted of failure to supply required information to the Internal Revenue Service in violation of section 7203 for 1974 and 1975. His conviction was affirmed on appeal. Subsequently, Mr. Willis' probation was revoked, in part, because of his failure to file tax returns for the years 1974 through 1981 and his continued participation in tax protestor activities. The Commissioner sent separate notices *303 of deficiency to Mr. and Mrs. Willis. In his notices of deficiency, the Commissioner determined that the petitioners were each taxable on one-half of their community income during 1974 and 1975, which included wages, unexplained bank deposits, and in 1974, gain from the sale of certain machinery. He also determined that Mr. Willis was liable for the addition to tax for fraud under section 6653(b) for 1974 and 1975 and the addition to tax for failure to pay estimated income tax under section 6654 for 1974 and 1975. With respect to Mrs. Willis, the Commissioner determined that she was liable for the addition to tax for failure to file tax return or pay tax under section 6651(a) for 1975, the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a) for 1974 and 1975, and the addition to tax for failure to pay estimated income tax under section 6654 for 1975. OPINION The first issue for decision is whether the petitioners are liable for the deficiencies in income tax for 1974 and 1975 as determined by the Commissioner. The petitioners have the burden of disproving the Commissioner's determinations. Rule 142(a), Tax Court Rules of *304 Practice and Procedure[2]; Welch v. Helvering,290 U.S. 111 (1933). In the present case, the petitioners have made no genuine effort to disprove the Commissioner's determinations. Instead, they have relied exclusively on frivolous "tax protestor" arguments that have been rejected by this and other courts on numerous occasions. See, e.g., United States v. Buras,633 F.2d 1356 (9th Cir. 1980); Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein. Accordingly, we hold that the petitioners have failed to carry their burden of proof, and we sustain the Commissioner's deficiency determinations for 1974 and 1975. The second issue for decision is whether both petitioners are liable for the addition to tax as determined by the Commissioner under section 6654 for failure to pay estimated income tax and whether Mrs. Willis is liable for the additions to tax under section 6651(a) for failure to file tax return or to pay tax and section 6653(a) for negligence or intentional disregard of rules and regulations. The petitioners have the burden *305 of disproving the Commissioner's determination as to additions to tax under sections 6651(a), 6653(a), and 6654. Rule 142(a); BJR Corp. v. Commissioner,67 T.C. 111, 130 (1976); Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Hartley v. Commissioner,23 T.C. 353, 360 (1954). Since the petitioners made no effort to introduce evidence to disprove the Commissioner's determinations, we sustain such determinations as to such additions to tax. The final issue for decision is whether Mr. Willis is liable for the addition to tax for fraud for 1974 and 1975. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b); Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his burden if he shows that the *306 taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. at 1123; Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. *307 Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the evidence in the record overwhelmingly establishes that Mr. Willis fraudulently underpaid his taxes during both of the years in issue. He properly filed returns for 1971 and 1973; Yet, the documents that he submitted for 1974 and 1975 clearly did not constitute returns within the meaning of section 6011 and the regulations thereunder. See Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982); Reiff v. Commissioner,77 T.C. 1169 (1981). In addition, during 1974 and 1975, Mr. Willis submitted false Forms W-4 and W-4E on at least six separate occasions. *308 On such forms, he falsely claimed that he was "exempt" from withholding because he was not liable for income taxes for the past and current years, and he claimed numerous exemptions to which he was clearly not entitled. While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration, particularly when coupled with the submission of false Forms W-4 and W-4E. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982). The addition to tax for fraud is remedial in character and is "provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." Helvering v. Mitchell,303 U.S. 391, 401 (1938). In light of such purpose, we find the addition to tax for fraud in the present case to be particularly appropriate. By submitting false withholding statements, Mr. Willis disrupted the orderly process of tax collection, and in failing to file adequate returns for the years at issue, and to comply with requests for documentation, he forced *309 the Commissioner's agents to search him out and to uncover the sources of his income. Hebrank v. Commissioner,supra at 643-644. Based on the record in the present case, the Commissioner has, by clear and convincing evidence, proved that the underpayment of Mr. Willis' taxes during the years at issue was due to fraud, and we so hold. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩