ZELMA CURET MILLER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1215–67.   Filed March 5, 1969.

*James P. Quaid, Jr.*, for the petitioner.

---

*George Tomlinson*, for the respondent.

HOYT, *Judge:* Respondent determined deficiencies in petitioner's income tax and additions to tax pursuant to section 6653(b) [1] for the following years:

| Year | Deficiency | |
|------|------|------|
|  | Tax | Addition to tax |
| 1956 | $563. 64 | $281. 82 |
| 1957 | 519. 00 | 259. 50 |
| 1958 | 514. 00 | 257. 00 |
| 1959 | 510. 00 | 255. 00 |
| 1961 | 780. 60 | 390. 30 |
| 1962 | 926. 32 | 463. 16 |
| 1963 | 910. 92 | 455. 46 |
| Totals | 4, 724. 48 | 2, 362. 24 |

When the case was called for trial there was no appearance by petitioner or her attorney, and the respondent moved for a default with regard to the deficiencies in income tax. The motion was granted. Previously, the Court had ordered petitioner to show cause why respondent's proposed stipulation of facts and exhibits should not be accepted as established for the purposes of the case. Petitioner filed no response or objections and at hearing set on the motion consented that the order be made absolute. Accordingly, it was ordered that all those facts set forth by respondent in his proposed stipulation of facts together with the attached exhibits be admitted into evidence and found accordingly pursuant to Rule 31(*b*) (5).

Petitioner's lawyer appeared in court after the petitioner's default had been entered. He offered no excuse for his tardiness, and announced that he did not know of petitioner's whereabouts and was not prepared to prosecute the case. He stated that petitioner desired to submit the case on the record. The Court then ordered that the case stand submitted and all previous orders of the Court would stand as entered.

The only issue remaining for adjudication is whether petitioner is liable for additions to tax on account of fraud under section 6653(b).

### OPINION

The petitioner is an individual who resided in New Orleans, La., at the time the petition was filed herein. Her Federal income tax returns for the taxable years involved herein were filed with the district director of internal revenue in the city of New Orleans.

---

[1] All section references are to the Internal Revenue Code of 1954.

Petitioner signed and filed individual Federal income tax returns for the years 1956, 1957, and 1958 in the name of Z. M. Curet; for the year 1959 in the name of Zeilma Curet; for the years 1961 and 1962 in the name of Zelma M. Curet; and for the year 1963 in the name of Zelma Curet. Additionally, she signed and filed individual Federal income tax returns for the years 1956, 1957, 1958, and 1959 in the name of "Mrs. Leon Miller."

The 1956, 1957, and 1958 returns filed by petitioner in the name of Z. M. Curet, and the 1959 return filed by her in the name of Zeilma Curet reflected only her earnings and withholdings from earnings for those years. The returns filed for those years by petitioner in the name of "Mrs. Leon Miller" reflected only her one-half community interest in her husband's income for those years. Petitioner totally failed to report her one-half community interest in her husband's earnings on her returns filed in the name of Zelma M. Curet in the years 1961 and 1962, and in the name of Zelma Curet in the year 1963.

On her 1956, 1957, and 1958 returns filed in the name of Z. M. Curet, and on the 1959 return filed in the name of Zeilma Curet, she claimed exemptions for herself and one child, Elizabeth Miller. For each of those 4 years, she also filed returns in the name of "Mrs. Leon Miller" in which she claimed exemptions for herself, and Betty Miller and Nina Miller, as her two children.

In 1961, petitioner filed only one return. She claimed exemptions for herself, and Betty Miller and Nina Miller, as her two children. This return did not include one-half of the community income earned by her husband in that year.

Petitioner filed one return for each of the respective years 1962 and 1963. On each of those returns she claimed exemptions for herself and three children, Betty Miller, Nina Miller, and Bobbye Miller. Neither of those returns included one-half of the community income her husband earned.

On December 2, 1964, the petitioner appeared before a special agent of the Internal Revenue Service in New Orleans and signed a sworn statement. She admitted the facts we have found above as true, as well as circumstances involved in the filing of the returns. She acknowledged that she had no dependent children in any of the years before the Court by the names of Betty, Nina, Elizabeth, or Bobbye. She swore that she knew that filing a separate return in her maiden name was wrong, since she was filing jointly with her husband, or separately from him on a community property basis, and that she was entitled to only one exemption for herself per year; that although she knew it to be wrong, she was aware that filing of additional returns and claiming dependent children resulted in her receiving refunds of tax

to which she was not entitled; that the names of "Betty" and "Nina" were the names of two of petitioner's aunts, both of whom lived in Bay St. Louis, Miss.; that her contributions to those aunts never exceeded $200 or $300 per year; and that she realized that she was not entitled to take them as exemptions.

Petitioner filed the returns under the advice of Ava G. Cozine, a friend and distant relative. She never paid Ava for preparation of the returns. Petitioner was 57 years old at the time she signed the sworn statement, and had a high school education. Although her lawyer stated in open court that the statement was not voluntarily given and was obtained by promises and duress, no evidence as to these allegations was ever presented. The statement was admittedly signed by petitioner and states it was voluntarily and freely given.

The default entered at trial against the petitioner as to the deficiency determinations made by respondent will stand as entered. Petitioner did not present any evidence to show error therein and the presumption of their correctness remains unattacked; the deficiencies are sustained.

Respondent also determined additions to tax for civil fraud pursuant to section 6653(b)[2] in each year before the Court. Since we have upheld respondent's determinations of the deficiencies, the sole remaining issue is whether the additions should also be sustained. Section 7454(a) places the burden of proof upon the respondent to show "petitioner has been guilty of fraud with intent to evade tax." In order to sustain his burden, respondent must show by clear and convincing evidence actual and intentional wrongdoing on the part of the petitioner with intent to defraud the revenues. *Luerana Pigman*, 31 T.C. 356 (1958). The record before us leaves little doubt that part of the underpayment of tax for each year before us was due to petitioner's knowing and conscious fraud. The evidence is clear and convincing.

We conclude and hold that respondent has met his burden as to the additions to tax for fraud in each of the years before the Court.

*Decision will be entered for respondent.*

---

[2] SEC. 6653. FAILURE TO PAY TAX.

(b) FRAUD.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *