RICHARD H. RAMSDELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ramsdell v. Commissioner
Docket No. 7892-73.
United States Tax Court
T.C. Memo 1976-108; 1976 Tax Ct. Memo LEXIS 296; 35 T.C.M. (CCH) 491; T.C.M. (RIA) 760108; April 6, 1976, Filed Richard H. Ramsdell, pro se. Charles H. Cowley, for the respondent. FAY
FAY, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax and additions to tax: Addition to Tax § 6653(b), Year
Deficiency
I.R.C. 1954
1963
$3,965.79
$1,982.90
1964
3,512.24
1,756.12
1965
5,261.21
2,630.61
FINDINGS OF FACT Petitioner, Richard H. Ramsdell, filed Federal income tax returns for each of the years in issue with the District Director of Internal Revenue, Denver, Colorado. He resided in Azusa, California, at the time his petition was filed with this Court. Petitioner *297 was indicted under section 7201, Internal Revenue Code of 1954, as amended, [1] for willful attempt to evade taxes by filing false and fraudulent returns for each of the years in issue--1963, 1964 and 1965. He entered a plea of not guilty, was tried, and was found guilty as charged by a jury for each of these years. On September 19, 1973, respondent mailed to petitioner a statutory notice of deficiency for the years in issue in which it was determined that there existed certain deficiencies in petitioner's Federal income tax. Respondent's determination was computed by reference to the bank deposits method of income reconstruction. Respondent further determined that all or part of such deficiencies were due to fraud with intent to evade tax and therefore petitioners were liable for the 50 percent addition to tax for fraud provided by section 6653(b). On October 31, 1973, petitioner filed a petition in this Court contesting the determination of the statutory notice. In his answer respondent affirmatively raised the doctrine of collateral estoppel, *298 alleging that by virtue of petitioner's conviction under section 7201 he is collaterally estopped to deny fraud for each of the years. This case was first called for trial at Denver, Colorado, on March 10, 1975. At that time petitioner requested a general continuance, stating that if he were not prepared to present his case at a subsequent call of the case for trial, he would agree to a default judgment. His request for a continuance was granted. The case was again called for trial at Denver, Colorado, on February 9, 1976, at which time petitioner made no appearance. OPINION As no appearance was made on behalf of petitioner when his case was called for trial on February 9, 1976, respondent moved to dismiss for lack of prosecution and asked that judgment be entered for respondent in the amounts stated in the statutory notice of deficiency. Petitioner has the burden of proving that the deficiencies determined by respondent were erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). In view of petitioner's failure to present any evidence disputing the correctness of respondent's determination, the deficiency *299 for each of the years in issue must be sustained. Zelma Curet Miller,51 T.C. 915 (1969). The Court therefore granted respondent's motion and entered judgment accordingly. Respondent then proceeded to introduce evidence bearing on the issue of fraud. Respondent has the burden of demonstrating fraud by clear and convincing evidence. Sec. 7454(a); Frank Imburgia,22 T.C. 1002 (1954). In this instance, however, respondent has affirmatively raised the doctrine of collateral estoppel in his answer. For each of the years in issue, respondent has introduced copies of an indictment and judgment of conviction [2] which state that petitioner was convicted of willfully attempting to evade and defeat income taxes, in violation of section 7201. [3] Such a conviction necessarily carries with it the ultimate factual determination that a part of the resulting deficiencies for those years was due to fraud with intent to evade tax within the meaning of section 6653(b). [4]John W. Amos,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Arctic Ice Cream Co.,43 T.C. 68 (1964). *300 Hence, respondent has properly raised the doctrine of collateral estoppel, alleged facts in his answer to sustain a finding of fraud, and presented evidence in support of his contention. He therefore needed do no more to sustain his burden of proof. Henry M. Rodney,53 T.C. 287 (1969). The Court, after having considered the evidence, entered judgment in favor of respondent on the issue of fraud for each of the years in issue. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner's conviction was affirmed on appeal. United States v. Ramsdell,450 F.2d 130↩ (10th Cir. 1971). 3. SEC. 7201. ATTEMPT TO EVADE OR DEFEAT TAX. Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution. ↩
4. SEC. 6653. FAILURE TO PAY TAX. (b) Fraud.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *↩