REX McFARLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McFarlin v. Commissioner
Docket No. 1391-79
United States Tax Court
T.C. Memo 1981-563; 1981 Tax Ct. Memo LEXIS 186; 42 T.C.M. (CCH) 1276; T.C.M. (RIA) 81563; September 29, 1981. Juandell D. Glass, for the respondent. [1]
WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: Additions to Tax
Taxable Year
Deficiency
Section 6653(b) [2]
Section 6654
1973
$ 4,407.41
$ 2,203.70
$ 141.03
1974
2,170.42
1,085.21
69.44
*187 This matter came before the Court on respondent's motion to dismiss this case for failure of petitioner to properly prosecute insofar as the income tax deficiency and the addition to tax under section 6654 are concerned. See Rule 123(b), Tax Court Rules of Practice and Procedure. Respondent further seeks judgment in his favor on the issue of the addition to tax for fraud under section 6654(b). In all proceedings before this Court, the parties are required to stipulate to the fullest extent possible all matters not privileged which are relevant to the pending case. Rule 91(a)(1), Tax Court Rules of Practice and Procedure. To this end, respondent on April 27, 1981, mailed his proposals for stipulation to petitioner at the address given in his amended petition, and to his parents' address as well. After these letters were returned marked "Not Deliverable as Addressed, Unable to Forward," respondent filed a motion to compel stipulation under Rule 91(f)(1), Tax Court Rules of Practice and Procedure. The Court granted respondent's motion and *188 ordered petitioner to show cause why the facts recited in respondent's proposed stipulation of facts should not be accepted as established for the purpose of this case. Upon failure of petitioner to comply with this order either in writing or by appearance at the time and place set forth in our order, we ordered the matters contained in respondent's proposed stipulation of facts be deemed stipulated. Rule 91(f)(3), Tax Court Rules of Practice and Procedure. The stipulation of facts is now incorporated herein by this reference. Rex McFarlin (hereinafter referred to as Rex or petitioner) did not file Federal income tax returns for 1973 and 1974. At the time of the commencement of this action, petitioner had his legal residence in Tulsa, Oklahoma. During the taxable years 1973 and 1974, petitioner was engaged in business operations under the names of Chimera and Elysian Isle. These were sole proprietorships which he operated in Norman, Oklahoma. Rex failed to maintain or submit for examination by the respondent complete and adequate books of account and records for the operations of his business which were essential to the determination of his correct income tax liabilities *189 for the taxable years 1973 and 1974. Petitioner realized net profit of $ 1,996.56 from his operation of Chimera and Elysian Isle in 1973 and a loss of $856.71 from them in 1974. Respondent computed these amounts on the basis of petitioner's bank statements, which were the only business records maintained by petitioner during these years. [3]
Additionally, petitioner realized unreported income during the taxable years 1973 and 1974 from dealing, trafficking in, and the sale of illegal narcotics. By 1973, Rex had been a drug dealer for 7 or 8 years. He handled marijuana, LSD, and THC. He procured his marijuana from Mexico, and certain laboratories in the United States produced the other illegal substances for him. Rex used fictitious names in an attempt to conceal his activities, as well as the income generated therefrom. He also operated fronts, such as a retail feed store and a wholesale firm. Rex admitted to concealing and/or destroying *190 the records of his illegal narcotics transactions. Rex had agents which he sometimes employed in his drug business. One of them was arrested for narcotics trafficking in Tulsa in 1973. Rex himself was arrested in 1974 and was subsequently convicted and sentenced to 10 years in Federal prison for conspiring to distribute a controlled substance. He began serving his sentence in 1975 and was released in May of 1977. Rex was interviewed in 1975 by a special agent of the Criminal Investigation Division, Internal Revenue Service. Rex admitted to the agent that he had destroyed any records that he had maintained of his drug activities over the preceding 2 years. Rex told him that it would be stupid to keep any records of his income to show his tax liabilities. Rex also said that he had a good year in the drug business in 1973. He characterized himself as a jet-setter, and told the agent that he employed a maid and a butler at his apartment. Rex told him that it was his intent to hide his drug transactions and his income from the Government. During 1973 and 1974, petitioner attended the University of Oklahoma. By 1975 he lacked only 6 hours of completing his bachelor's degree *191 with a major in economics and marketing. In connection with his studies, Rex took two accounting courses. He had also kept books and records for a firm for income tax purposes. Petitioner did not file Federal income tax returns for the taxable years 1973 and 1974. By determining the amount expended by petitioner for personal purposes during the taxable years in issue, respondent calculated that petitioner had realized income of $ 15,828.95 in 1973 and $ 10,317.68 in 1974 in addition to his income from his legitimate businesses discussed earlier. [4]
*192 Respondent allowed petitioner a standard deduction of $ 2,000 and a personal exemption of $ 750 for the taxable year 1973, based on a computation of tax utilizing the tax rate tables. For 1974, petitioner is entitled to a tax computation utilizing the optional tax tables for a single individual, one exemption. Thus computed, petitioner's taxable income was determined to be $ 15,075.51 for 1973 and $ 9,460.97 for 1974. During the taxable years 1973 and 1974, petitioner did not borrow or receive from any source any funds not properly taken into account by respondent which would cause or account for the additional taxable income. During these years, petitioner did not have any deductions, credits or exemptions, other than those taken into account by respondent, which would reduce his taxable income or the resulting income tax liabilities. No appearance was made by or on behalf of petitioner when this case was called for trial from the trial calendar of the Court in Miami, Oklahoma on June 29, 1981. Respondent therefore moved that the case be dismissed for lack of prosecution insofar as the underlying deficiency and the addition to tax under section 6654 are concerned. We hereby *193 grant respondent's motion and decision will be entered for the respondent in the amount of the deficiency in petitioner's income tax and the section 6654 addition determined in the notice of deficiency. [5]Gilday v. Commissioner, 62 T.C. 260, 261 (1974). As to the addition to tax for fraud, the burden of proof rests on respondent to show that at least some portion of the understatement of income for each year was due to fraud with the intent to evade tax.Section 7454(a), Estate of Temple v. Commissioner, 67 T.C. 143, 159 (1976); Rule 142(b), Tax Court Rules of Practice and Procedure. Fraud means an intentional wrongdoing and *194 the intent required is the specific purpose to evade a tax believed to be owing. Mere negligence is not sufficient. Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939). Fraud must be established by clear and convincing evidence. Brittingham v. Commissioner, 66 T.C. 373, 403 (1976). This juxtaposition of the parties as to the burden of proof prevents us from disposing summarily of the fraud issue as we have with the other issues here. Even though petitioner failed to prosecute his case, we must nevertheless determine whether respondent has presented sufficient evidence of fraud. This burden may be met in part by matters deemed stipulated under Rule 91(f)(3), Tax Court Rules of Practice and Procedure. See Miller v. Commissioner, 51 T.C. 915 (1969); cf. Doncaster v. Commissioner, 77 T.C.    , (Aug. 11, 1981) (reviewed by the Court) (deemed admitted affirmative allegations in respondent's answer are sufficient to carry respondent's burden as to fraud); see also Gilday v. Commissioner, 62 T.C. 260 (1974). The facts presented here clearly and convincingly reveal *195 an intent to evade tax known to be owing. Petitioner used fictitious names, operated legitimate businesses as "fronts" for his narcotics operations, and admitted to destroying whatever records he may have maintained relating to his illegal activities. Rex told the revenue agent that it was his intent to hide his drug transactions and his income from the Government. Fraud has been established by clear and convincing evidence. An appropriate order and decision will be entered. Footnotes
1. Petitioner was originally represented by an attorney, Steven P. Flowers, who filed the pleadings in this case. On February 11, 1981, we granted Mr. Flower's motion to withdraw as counsel of record upon his allegations that petitioner had moved without informing counsel of a new address and that numerous attempts to contact petitioner or determine his whereabouts had been to no avail.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years here in issue.↩
3. This determination was made on the following basis: ↩
1973
1974
Bank Deposits
$ 10,925.62
$ 9,931.63 Checks Written
8,929.06
10,788.34 Net profit (loss)
$ 1,996.56
$ (856.71)
notice of def. Sch. 1-A
4. Respondent's computation of expenditures for personal purposes was as follows: ↩
Expenditure
Item
1973
1974
Groceries and outside meals
$ 5,475.00
$ 4,215.00 Clothing
500.00
500.00 Laundry and dry cleaning
100.00
100.00 Barber and toiletries
130.00
130.00 Education
146.00
Recreation, entertainment, vacation
1,254.47
Fines
93.00
34.00 Rent
2,520.00
1,890.00 Automobile expenses
654.88
1,491.97 Interest
77.16
Personal assets - etc.: Ring
1,000.00
Loans to others
2,100.00
Car - 1971 Corvette
3,775.00
Stereo
2,300.00 Less: Loan Balance on Stereo
(1,200.00)
Funds required to make up business loss
856.71 Total
$ 17,825.51
$ 10,317.68 Funds available from business
Net profit
1,996.56
Other income
$ 15,828.95
$ 10,317.68 5. As we have recently observed in Doncaster v. Commissioner, 77 T.C.    , (slip op. p. 4) (Aug. 11, 1981): As to the underlying deficiency, there is no question that respondent should prevail, either on the ground that the petitioner has defaulted by virtue of his nonappearance at trial and/or has failed to carry his burden of proof. Gilday v. Commissioner, 62 T.C. 260 (1974); Roldan v. Commissioner, T.C. Memo. 1980-73; Rule 142(a), Tax Court Rules of Practice and Procedure.↩