CHURCH E. MURDOCK, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Murdock v. Commissioner
Docket No. 12743-78.
United States Tax Court
T.C. Memo 1984-655; 1984 Tax Ct. Memo LEXIS 17; 49 T.C.M. (CCH) 335; T.C.M. (RIA) 84655; December 19, 1984. Church E. Murdock, Jr., pro se. Marsha R. Yowell and Shufford A. Tucker, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax for the years and in the amounts as follow: Addition to Tax
Calendar Year
Deficiency
Under Sec. 6653(b) [1]
1970
$3,827.90
$1,913.95
1971
5,784.39
2,892.20
1972
5,677.13
2,838.57
*18 By notice to the parties dated July 16, 1984, the above-entitled case was set for trial on the calendar of the Tax Court at Mobile, Alabama, commencing October 1, 1984. On July 27, 1984, respondent filed a motion for summary judgment requesting the Court to determine the deficiencies and additions to tax as set forth in the statutory notice of deficiency or, in the alternative, to determine as alternatively alleged in his answer that if petitioner is not liable for the addition to tax for fraud, he is liable for the addition to tax under section 6651(a) for failure to file returns in the amount of 25 percent of his tax liability, and is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations in the amount of 5 percent of his tax liability. Respondent's motion was set for hearing at the call of the calendar in Mobile, Alabama, on October 1, 1984, and notice of such setting was served on the parties on August 2, 1984. On September 24, 1984, petitioner filed with the Court a document entitled "Actual Notice to Abate for Want of Jurisdiction and for Want of Right" which the Court filed as an objection to respondent's *19 motion for summary judgment. When the case was called for trial there was no appearance by or on behalf of petitioner. Respondent appeared by counsel and the Court heard argument on respondent's motion for summary judgment. The record in this case shows that petitioner filed on November 14, 1978, a document entitled "Petition" in which he gave his address as Mobile, Alabama. This "Petition," in full except for headings and request for relief, is as follows: 1. Petitioner has been active as a Minister of the Ministry of Christ Church for many years. Attached, please, find a copy of Petitioners Vow of Poverty made to the Ministry of Christ Church February 3, 1970. 2. Petitioner possesses no material thing. Petitioner has no income. All that petitioner has or earns belongs to the Ministry of Christ Church, Usona Road, Mariposa, California. 3. Should you continue to press your case you will maliciously and with premeditation deny me my religious rights as guaranteed by the First Amendment U.S.C. 4. Petitioner shows the basic error is in the fact that a deficiency is claimed when in fact, no tax could be due. On January 2, 1979, respondent filed an answer *20 denying the statements in petitioner's petition and alleging various facts in support of his determination of the addition to tax for fraud and, in the alternative, alleging that petitioner is liable for an addition to tax of 25 percent for failure to file returns and 5 percent for negligence on intentional disregard of rules and regulations. On April 30, 1979, pursuant to an extension of time previously granted, petitioner filed a document entitled "Rebuttal" which was filed by the Court as a reply to the affirmative allegations in respondent's answer. In this document petitioner admitted that he was engaged in the practice of surgery but stated that he "relies on the 1st, 4th, 5th and 9th Amendments U.S.C." In his reply, petitioner further alleged that he is not liable "for an excise tax provided for in Article I, Sec. 8 of the Constitution of the United States and affirmed by the 16th Amendment to the Constitution of the United States." In his reply petitioner stated with respect to the majority of the allegations made in respondent's answer the word "False," although he did not so state with respect to the allegations of the amount of income he received in each of the years in *21 issue but did state as follows: "Respondent's allegations here are superfluous as no tax can be due or owing from a pauper. Especially one not made liable. Petitioner refers again to his vow of poverty." On August 27, 1979, respondent served on petitioner respondent's request for admissions and petitioner filed no answer to this request. On January 15, 1980, respondent filed a motion to compel adequate and complete answers to his interrogatories previously served on petitioner. This motion was set for hearing, and after hearing on February 13, 1980, an order was entered requiring petitioner to answer respondent's interrogatories. Petitioner on March 11, 1980, filed a notice of appeal from this order in the United States Court of Appeals for the Fifth Circuit. By notice dated December 10, 1979, petitioner was informed that his case was set for trial on a calendar commencing March 10, 1980, in Mobile, Alabama. At the call of the calendar petitioner stated that he refused to produce any evidence or records and respondent filed a motion to dismiss for failure to properly prosecute. Petitioner contended that the Court lacked jurisdiction to hear the motion because *22 there was pending an appeal of an order of this Court to the United States Court of Appeals for the Fifth Circuit. By order filed May 16, 1980, the United States Court of Appeals for the Fifth Circuit dismissed petitioner's appeal. By order dated June 22, 1981, respondent's motion to dismiss for failure to prosecute was set for hearing on a calendar commencing September 29, 1981, in Montgomery, Alabama. Petitioner did not appear at the hearing in Montgomery, Alabama, but filed in lieu of appearance a document in which he contended that this Court lacked jurisdiction "over his person." When respondent's motion came on for argument in Montgomery, Alabama, on September 29, 1981, respondent, at the suggestion of the Court, withdrew the motion in order to file his motion for summary judgment which is now under consideration. During the course of the various proceedings outlined above petitioner filed various documents claiming (1) a denial of due process; (2) lack of jurisdiction of this Court to hear his case; (3) that only corporations and corporate officers are properly subject to the tax laws; and (4) various other protests against imposition of tax on him such as not *23 voluntarily being a party to or participating in any affairs as a law merchant, and that he is not a taxpayer or a person to whom the revenue laws apply. The facts in this case are established by admitted allegations in the pleading and respondent's request for admissions which are deemed admitted because of petitioner's failure to reply. From these documents we find the facts relevant to the issues presented. During 1970, 1971 and 1972, petitioner was engaged in the practice of medicine as a general surgeon. In 1970, petitioner had gross receipts from services rendered in his medical practice of not less than $25,827.86 and business expenses of not more than $11,648.81. During 1971, petitioner received gross receipts from services rendered in his practice of medicine of not less than $29,783.06 and had business expenses connected with that practice of not more than $10,292.76. During 1972, petitioner received gross receipts from services rendered in his practice of medicine of not less than $30,321.30 and had business expenses connected with that practice of medicine of not more than $10,970.98. Petitioner filed a Federal income tax return for the year 1969 on or *24 about April 15, 1970. Petitioner did not file Federal income tax returns for the years 1970, 1971 and 1972. During the years 1970, 1971, and 1972, petitioner encouraged his patients to make their payments to him for his services in cash. During the investigation of his Federal income tax liabilities for the taxable years 1970, 1971 and 1972, petitioner advised persons with whom he did business that Internal Revenue Service administrative summons have no legal effect and that compliance with such summons could result in criminal prosecution. On January 7, 1976, petitioner was convicted of willfully failing to file Federal income tax returns for the years 1970, 1971 and 1972, pursuant to section 7203 of the Code. Clearly, petitioner has totally failed to allege appropriate facts as distinguished from conclusions and claims of constitutional rights to show any error in respondent's determinations of deficiency, and, therefore, those determinations are approved. Petitioner did not appear at the time the case was called for trial and offered no proof whatsoever. With respect to the deficiencies, the burden is on petitioner to allege facts which, if proven, would show *25 error in respondent's determinations of deficiency and to sustain these allegations of fact by proof. His failure to do so is sufficient for this Court to determine the deficiencies as set forth by respondent in the notice of deficiency. See Gilday v. Commissioner,62 T.C. 260 (1974); Rule 142(a). [2] We therefore sustain respondent's determinations of deficiency as set forth in his notice of deficiency to petitioner for the years 1970, 1971, and 1972. The burden of proof that petitioner is liable for an addition to tax for fraud under the provisions of section 6653(b) is on respondent. Not only must respondent show that some part of the underpayment of tax by petitioner is due to fraud but he must make this showing by clear and convincing evidence. Miller v. Commissioner,51 T.C. 915, 918 (1969). This burden of respondent's may be satisfied by allegations in the answer which are admitted or deemed admitted, see Doncaster v. Commissioner,77 T.C. 334 (1981), or by evidence consisting of facts deemed admitted because of a taxpayer's failure *26 to respond to respondent's request for admissions. The evidence in this case shows that petitioner was convicted in each of the years here in issue under the provisions of section 7203 for willful failure to file returns. While a conviction for willful failure to file a return is not conclusive of a fraudulent intent to evade tax which respondent must establish in order to be entitled to the addition to tax under section 6653(b), it is some evidence of such a fraudulent intent. The Circuit Court in United States v. Burton,737 F.2d 439, 441, 442 (5th Cir. 1984) stated: Both the failure to file and false filing offenses require that an accused have acted "willfully," that is, intentionally in violation of a known legal duty. * * * This "implements the pervasive intent of Congress to construct penalties that separate the purposeful tax violator from the well-meaning, but easily confused, mass of taxpayers." * * * * * * Those who refuse to pay taxes as a protest against governmental policies are not asserting any misapprehension of the duty imposed by the statute; their violation of the statutory command is thus willful, and they must suffer the penalties *27 attending their act of civil disobedience. * * * Those who believe, even in good faith, that the income tax law is unconstitutional are similarly willful violators of the tax law if they understand the obligations the statute purports to impose upon them. * * * The Circuit Court in the Burton case was discussing a criminal penalty for willful failure to file a return. Willful failure to file a return is not conclusive of fraud. However, willfully and knowingly refusing to pay a tax known to be due under the law and using a protest in an effort to conceal the tax owed is an indication of fraud with intent to evade tax. The evidence here shows that petitioner had substantial income from the practice of surgery and that he knew his duty to file a tax return, having filed one in 1969. He was convicted under section 7203 for willfully failing to file returns for all the years here in issue. The record shows that petitioner, in various documents he filed in this record, alleged different types of protests to a tax liability but no facts to show that he did not owe tax. The record shows that petitioner attempted to be paid in cash and also shows that he attempted to persuade *28 his patients not to assist the Government in their investigation of his tax liability. All these facts taken together are clear and convincing to us that petitioner knew he had a tax liability which should be reported and paid and willfully and with fraudulent intent to evade that tax did not file his tax returns or pay the tax owed. Based on the facts here presented, we grant respondent's motion for summary judgment and find the deficiencies as determined in the notice of deficiency and the additions to tax for fraud under section 6653(b) as determined therein. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩