ARTHUR N. BATES III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bates v. Commissioner
Docket No. 28670-83.
United States Tax Court
T.C. Memo 1985-362; 1985 Tax Ct. Memo LEXIS 272; 50 T.C.M. (CCH) 468; T.C.M. (RIA) 85362; July 22, 1985. *272 Held, P is liable for the addition to tax for fraud under sec. 6653(b), I.R.C. 1954, for 1981. Arthur N. Bates III, pro se. Willie Fortenbery, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $4,536.00 on the petitioner's Federal income tax for 1981 and an addition to tax of $2,268.00 pursuant to section 6653(b) of the Internal Revenue Code *273 of 1954. [1] The sole issue for decision is whether the petitioner is liable for the addition to tax for fraud under section 6653(b) for 1981. [1]
FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Arthur N. Bates III, was a resident of Tampa, Fla., at the time he filed his petition in this case. He filed tax protestor type documents in lieu of a proper Federal income tax return for 1981. During 1981, the petitioner worked as a construction worker, and at the time he filed tax protestor documents in lieu of a proper tax return for 1981, he was a member of the Keystone Society, an organization that advocated that wages are not taxable income. During 1981, he received wages totaling $22,215.91. The petitioner timely received from his employers Forms W-2 which showed the wage income paid to him in 1981. However, he reported none of such wages on the documents that he filed for 1981. Prior to 1981, the petitioner filed Federal income tax returns which reported his wages as income. During 1981, the petitioner submitted Forms *274 W-4 (Employee's Withholding Allowance Certificate) to each of his employers. On such forms and under the penalties of perjury, he claimed that he was exempt from withholding because he had not owed Federal income tax in the previous year and had a right to a full refund of all income tax withheld and because he did not expect to owe any Federal income tax in the year in which the Form W-4 was submitted and expected to have a right to a full refund of all income tax withheld. During 1982 and 1983, he continued to submit to his employers Forms W-4 on which he claimed to be exempt from withholding. In his notice of deficiency, the Commissioner determined that the petitioner had received $22,215.91 in taxable income in 1981. In addition, he determined that the petitioner was liable for the addition to tax for fraud under section 6653(b) for 1981. OPINION This Court previously determined that the petitioner was liable for the deficiency for 1981 and that the United States was entitled to an award of damages under section 6673 in the amount of $3,200. Thus, the sole issue for decision is whether the petitioner is liable for the addition to tax for fraud for 1981. Section 6653(b) *275 provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), *276 affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the evidence in the record overwhelemingly *277 establishes that the petitioner fraudulently underpaid his tax for 1981. He properly filed returns for years prior to 1981; yet, the documents that he submitted for 1981 clearly did not constitute a return within the meaning of section 6011 and the regulations thereunder. See Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982); Reiff v. Commissioner,77 T.C. 1169 (1981). In addition, during 1981, the petitioner submitted to his employers false Forms W-4. On such forms, he falsely claimed that he was exempt from withholding because he was not liable for income taxes for the past and current years. While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration, particularly when coupled with the submission of false Forms W-4. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982). The petitioner was clearly aware of his obligation to file a proper Federal income tax return, and it is also clear that he knowingly and willfully failed to fulfill such obligation for 1981. See *278 Hebrank v. Commissioner,supra at 641-644; Rowlee v. Commissioner,supra at 1123-1126. Based on the record in the present case, we hold that the Commissioner has, by clear and convincing evidence, proved that the underpayment of the petitioner's tax for 1981 was due to fraud. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1981.↩