CATARINO MURILLO AND JOSEFA B. MURILLO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Murillo v. Commissioner
Docket No. 23175-81.
United States Tax Court
T.C. Memo 1986-544; 1986 Tax Ct. Memo LEXIS 62; 52 T.C.M. (CCH) 1008; T.C.M. (RIA) 86544; November 12, 1986. *62 Held, matters deemed admitted by petitioners were sufficient to satisfy respondent's burden of proving increased deficiencies and fraud under section 6653(b), I.R.C. 1954. Marilyn Kay Ward, for the petitioners. James M. Kamman, *63 for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: By notice of deficiency dated June 19, 1981, respondent determined deficiencies in petitioners' income tax and additions to tax as follows: Addition to Tax
Year
Deficiency
Section 6653(b) [1]
1977
$94,159.50
$47,079.75
1978
80,556.06
40,278.03
1979
151,732.86
75,866.43
Petitioners filed a timely petition and respondent filed a timely answer. Respondent's amended answer asserted increased deficiencies and additions to tax as follows: [2]
Addition to Tax
Year
Deficiency
Section 6653(b)
1977
$93,037.39
$46,518.69
1978
80,733.82
40,366.91
1979
889,726.24
444,863.12
*64 The issues for decision are whether the increases in the deficiencies for the 1978 and 1979 tax years are correct and whether petitioners' failure to report income from certain sales of controlled substances on Federal income tax returns for 1977, 1978 and 1979 is due to fraud within the meaning of section 6653(b). This case was called for trial at the session of this Court commencing March 17, 1986, at Pasadena, California. Petitioners failed to appear in person or by counsel at the hearing. The Court dismissed this case for lack of prosecution insofar as it relates to those issues upon which petitioners have the burden of proof. The case was submitted for the limited purpose of determining the merits of the increase in the deficiencies for 1978 and 1979 and of the section 6653(b) issue. By order dated July 17, 1986, the Court directed the parties to file a brief with respect to the section 6653(b) issue on or before August 20, 1986. Respondent's submission of the case is based upon facts deemed admitted and therefore uncontroverted pursuant to "Respondent's First Request for Admissions," a copy of which was served on petitioners on January 13, 1986, and the original of which *65 was filed with the Court on January 15, 1986. Petitioners have never responded to the request for admissions, and the matters therein accordingly are deemed admitted pursuant to Rule 90(c). The Court's records do not reveal that petitioners have at any time communicated with the Court regarding the request for admissions or the order directing the parties to submit briefs on the section 6653(b) issue. The relevant facts are as follows: Petitioners were residents of La Habra Heights, California, at the time they filed their petition in this case. Petitioners are husband and wife who filed joint individual income tax returns for the years 1977, 1978 and 1979. Petitioner Catarino Murillo (hereinafter referred to as Catarino) is the same person who was the defendant in a criminal case entitled United States v. Catarino Murillo, No. CR-81-363(A)-WPG, in the United States District Court for the Central District of California. The judgment entered in that case has become final. Respondent is a party in privity with the United States, the prosecuting party in the criminal case in which petitioner was the defendant. The first superseding indictment filed in the criminal case *66 sets forth the following charges against the defendants (petitioners): The grand jury charges: * * * COUNT SIX [26 U.S.C. § 7201] On or about the 15th day of April, 1978, in the Central District of California, CATARINO MURILLO and JOSEFA BELTRAN MURILLO, residents of Los Angeles County, willfully and knowingly attempted to evade and defeat a large part of the income tax due and owing by them to the United States for the calendar year 1977, by doing and causing the preparation, signing and mailing in the Central District of California, of a false and fraudulent income tax return, which was filed with the Internal Revenue Service, wherein they stated that their taxable income for said calendar year was $25,236.00, and that the amount of income tax due and owing thereon was the sum of $3,887.00; whereas, as they then and there well knew, their taxable income for the said calendar year was approximately $262,833.96 upon which they owed to the United States an income tax of $96,940.39. COUNT SEVEN [26 U.S.C. § 7201] On or about the 15th day of April, 1979, in the Central District of California, CATARINO MURILLO and JOSEFA *67 BELTRAN MURILLO, residents of Los Angeles County, willfully and knowingly attempted to evade and defeat a large part of the income tax due and owing by them to the United States for the calendar year 1978, by doing and causing the preparation, signing and mailing in the Central District of California, of a false and fraudulent income tax return, which was filed with the Internal Revenue Service, wherein they stated that their taxable income for said calendar year was $14,048.00, and that the amount of tax due and owing thereon was the sum of $2,032.00 whereas, as they then and there well knew, their taxable income for the said calendar year was approximately $164,627.76, upon which they owed to the United States an income tax of $82,765.82. COUNT EIGHT [26 U.S.C. § 7201] On or about the 15th day of April, 1980, in the Central District of California, CATARINO MURILLO and JOSEFA BELTRAN MURILLO, residents of Los Angeles County, willfully and knowingly attempted to evade and defeat a large part of the income tax due and owing by them to the United States for the calendar year 1979, by doing and causing the preparation, signing and mailing in the Central *68 District of California, of a false and fraudulent income tax return, which was filed with the Internal Revenue Service, wherein they stated that their taxable income for said calendar year was $1,666.00, and that the amount of income tax due and owing thereon was the sum of $0.00, whereas, as they then and there well knew, their taxable income for the said calendar year was in excess of $425,000.00, upon which they owed to the United States an income tax in excess of $260,000.00. On October 14, 1981, after a trial on the merits before a jury, the jury rendered its verdict finding Catarino guilty of each of the counts as charged in the first superseding indictment. On January 25, 1982, the district court entered its judgment of conviction pursuant to the jury's verdict. By its verdict of guilty, the jury found that Catarino was engaged in a continuing criminal enterprise of illegal drug trafficking and that the assets set forth in Count Five of the superseding indictment were obtained by petitioners from the substantial profits derived from the continuing criminal enterprise. The assets set forth in Count Five of the indictment include the following: a 1978 Chevrolet house car, *69 a 1979 Ford pick-up, a 1978 Ford Thunderbird, a 1979 Lincoln Continental and five parcels of real property. By its verdict of guilty, the jury also found that Catarino willfully filed false and fraudulent income tax returns for the taxable years 1977, 1978 and 1979 with intent to evade and defeat tax, and that due to such fraud Catarino's and Josefa's correct tax liability was understated in the income tax returns he filed for those years. A determination by the Court that Catarino willfully filed a false and fraudulent income tax return for the taxable years 1977, 1978 and 1979 with intent to evade and defeat tax and that due to such fraud there was an underpayment of the correct income tax due and owing by petitioner for such years was essential to support the judgment of conviction entered in the criminal case. Petitioners understated the amount of income reported on their 1977, 1978 and 1979 joint Federal income tax returns, as established by the net worth method of computing income, by the amount of $246,217.00, $150,579.76 and $1,327,750.78, respectively. Petitioners understated their tax liabilities for 1977, 1978 and 1979 by $93,037.39, $80,733.82 and $889,726.24, respectively. *70 Petitioners' understatements of tax for 1977, 1978 and 1979 were done fraudulently and with intent to evade taxes. Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Professional Services v. Commissioner,79 T.C. 888, 930 (1982). The burden of proof rests on respondent to show by clear and convincing evidence that some portion of an underpayment of tax for a given year is due to fraud with intent to evade tax. Section 7454(a); Miller v. Commissioner,51 T.C. 915 (1969). Respondent must establish that petitioners have underpaid their taxes for each year and that some part of their underpayment was due to fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983). Petitioners have admitted that Catarino was convicted of filing false and fraudulent joint income tax returns for the years 1977, 1978 and 1979 thereby attempting to defeat a large part of the joint income tax due and owing by him and his wife for those years, a criminal offense under section 7201. Criminal tax evasion under section 7201 is equivalent to civil tax fraud under section 6653(b), and petitioners are therefore estopped from *71 denying that their 1977, 1978 and 1979 joint returns were fraudulent. Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Accordingly, respondent has carried his burden of proof as to Catarino. For the 1977, 1978 and 1979 years, petitioners are also deemed to have admitted facts which overwhelmingly establish substantial omissions of income. The admissions are replete with the requisite indicia of fraud. Marshall v. Commissioner,85 T.C. 267 (1985); Doncaster v. Commissioner,77 T.C. 334 (1981). The omissions of taxable income resulted in substantial underpayments of tax for each of the years in issue. We therefore find that the facts deemed admitted under Rule 90(c) are sufficient to satisfy respondent's burden of proving the increase in the deficiencies for 1978 and 1979 and that some portion of the understatement of income for each of the years 1977, 1978 and 1979 was due to fraud with intent to evade tax. Marshall v. Commissioner,supra; see also Cassidy v. Commissioner,T.C. Memo. 1986-133. Section 6501(c)(2) provides that in case of a willful *72 attempt in any manner to defeat or evade the income tax the tax may be imposed at any time. That is to say, the three-year period of limitations on assessment and collection of tax provided in section 6501(a) is not applicable in the case of fraud. Since respondent has proved fraud as to each of the years in question of this case, and petitioners have not challenged the amount of the deficiencies as determined by respondent, a decision will be entered as to the deficiencies in tax and additions to tax under section 6653(b) for each of the years in the amounts determined by respondent. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code of 1954 in effect for the years in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In the notice of deficiency dated June 19, 1981, respondent determined a deficiency in petitioners' income tax for 1977 in the amount of $94,159.50 and an addition to tax in the amount of $47,079.75. In the amended answer, respondent determined a deficiency in tax for 1977 in the amount of $93,037.39. Respondent did not determine the amount of the addition to tax in the amended answer. Section 6653(b) imposes an addition in the amount of 50 percent of the deficiency. Accordingly, the addition to tax in the amended answer should have been $46,518.69. In his amended answer, respondent prayed: That the Court determine that the assessment and collection of the delinquency in income taxes for the taxable year 1977, as set forth in the statutory notice of deficiency, is not barred by the statute of limitations. The notice of deficiency does not set forth any figures to account for the amount of deficiency determined. In his amended answer, respondent set forth in particularity the amounts to be included in income and to be deducted. Therefore, we accept $93.037.39, the amount of deficiency determined in the amended answer, as the correct amount. Accordingly, the correct amount of the addition to tax under section 6653(b)↩ is $46,518.69.