DELFO VANERIO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vanerio v. Commissioner
Docket No. 17624-89
United States Tax Court
T.C. Memo 1990-277; 1990 Tax Ct. Memo LEXIS 295; 59 T.C.M. (CCH) 788; T.C.M. (RIA) 90277; June 4, 1990, Filed *295 An appropriate order and decision will be entered. R filed a motion for summary judgment based on allegations deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure.
Held, R's motion for summary judgment will be granted as to the deficiency determinations and additions to tax for fraud under I.R.C. section 6653(b)(1) and 6653(b)(2). Doncaster v. Commissioner, 77 T.C. 334 (1981), followed. Held further, R's motion for summary judgment will be granted as to the additions to tax under I.R.C. sections 6654 and 6661. Delfo Vanerio, pro se. Andrew J. Mandell and Gary A. Moreland, for the respondent. NIMS, Chief Judge. NIMS
MEMORANDUM OPINION This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. (Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code for the years in issue.) By statutory notice of deficiency dated April 17, 1989, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax - Section
Year
Deficiency
6653(b)(1)
6653(b)(2)
6654
6661
1983
$ 15,164.00
$  7,582.00
* *296 $   927.34
$  3,791.00
1984
22,546.40
11,273.20
*
1,417.41
5,636.60
1985
59,645.12
29,822.56
*
-
14,911.28
Respondent's motion for summary judgment raises the following issues: (1) whether petitioner is liable for deficiencies in Federal income tax for the years in issue; (2) whether petitioner is liable for additions to tax for fraud under section 6653(b)(1) and 6653(b)(2) for the years in issue; (3) whether petitioner is liable for additions to tax under section 6654 for 1983 and 1984; and (4) whether petitioner is liable for additions to tax under section 6661 for the years in issue. On July 17, 1989, petitioner filed a petition contesting respondent's determinations. At the time of filing his petition, petitioner resided in Flushing, New York. On September 15, 1989, respondent filed an answer in which he denied the substantive allegations of the petition and further alleged as follows: 7. FURTHER ANSWERING the petition, and as a defense that the statute of limitations does not bar assessment and collection of income tax deficiencies for the taxable years 1983, 1984, and 1985 which deficiencies may be timely assessed under the provisions of I.R.C. sections 6501(a), 6501(c)(3) and 7503, the respondent alleges as follows: (a) The petitioner failed *297 to file income tax returns for the taxable years 1983 and 1984. Therefore, the statutory notice of deficiency was timely sent to the petitioner by certified mail on April 17, 1989 which date was prior to the expiration of the period for assessment as set forth in I.R.C. section 6501(c)(3). (b) The statutory notice of deficiency setting forth the respondent's determination of the petitioner's income tax liability for the taxable year 1985, was timely sent to the petitioner by certified mail on Monday, April 17, 1989, which date was prior to the expiration of the period for assessment as set forth in I.R.C. sections 6501(a) and 7503. 8. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax required to be shown on the petitioner's income tax returns for the taxable years 1983, 1984 and 1985 is due to fraud on the part of the petitioner, the respondent alleges: (a) During the taxable years 1983, 1984 and 1985, the petitioner had unreported taxable income which was derived from narcotics trafficking, interest, and various other unknown taxable sources. (b) During the taxable years 1983, 1984 and 1985, the petitioner failed to maintain *298 or to submit for examination by the respondent, complete and adequate books of account and records of his income producing activities as required by the applicable provisions of the Internal Revenue Code and the regulations promulgated thereunder. (c) The respondent has determined the petitioner's correct taxable income for the taxable years 1983, 1984 and 1985 on the basis of a bank deposits and cash expenditures method of proof. (d) The taxable income of the petitioner for the taxable years 1983, 1984 and 1985 is as follows: (1) During the taxable years 1983, 1984 and 1985 the following cash expenditures (and cash deposits) were made for personal living expenses, and for other purposes in the following amounts:
EXPENDITURES
1983
1984
1985
Cost of living (net)
$ 10,818.00
$ 15,469.71
$ 15,991.99
(U.S. Bureau of Labor Statistics)
Purchase - 121 Susquehana Ave.
$ 40,000.00
Purchase - 45-17 164th St.
$ 35,241.00
Misc. payments - 45-17 164th St.
$ 2,965.97
Mortgage payments - 121 Susquehana Ave.
$ 12,890.00
$ 16,889.78
Mortgage payments - 45-17 164th St. $ 14,903.00
Universal Ford
$ 1,970.25
Citibank money orders
$ 19,000.00
Loan payments - Marine Midland
$ 2,373.48
$ 1,404.53
New York Life Insurance
$ 2,100.00
$ 2,100.00
Cocaine
$ 30,000.00
(Wholesale cost of 1 Kilo. as
per N.Y.P.D.)
McCafferty Ford
$ 9,025.00
Money Orders:
Euro-American Bank
$ 23,000.00
Chemical Bank
$ 10,000.00
L.I. Savings Bank
$ 6,000.00
Banco de Ponce
$ 14,000.00
First Federal
$ 29,000.00
New York Telephone
$ 480.59
Con Edison
$ 746.30
Seaman Furniture
$ 200.00
N.Y.C. Parking Violations Bureau
$ 240.00
Town Cesspool Service Inc.
$ 135.31
Net Bank Deposits
Citibank (#19587569)
$ 77,833.82
$ 16,609.59
Citibank (#19587515)
$ 9,128.29
$ 1,452.77
U.S. Currency (seized 7/26/85)
$ 1,200.00
Total Expenditures
$ 10,818.00
$ 218,972.52
$ 193,378.86
(plus cash deposits)
*299 (2) Adjustments for non-taxable or excludable deposits, transfers, withdrawals during the taxable years 1984 and 1985 have been made in the computations as follows:
Adjustments to total deposits and expenditures
1984
1985
Money Orders applied to
purchase of 45-17 164th St.
$ 19,000.00
Transfers (between accounts)
$ 31,740.00
Total checks and withdrawals
From account #19587569
$ 87,251.42
$ 21,754.70
From account #19585715
$ 10,487.70
$ 3,173.32
From account #76875997
$ 2,578.00
Gross receipts per return
$ 35,000.00
$ 151,057.12
$ 59,928.02
(3) The amount of petitioner's unreported income stemming from narcotics trafficking and various unknown taxable sources for the taxable years 1983, 1984 and 1985 is as follows:
1983
1984
1985
Cash Expenditures
$ 10,818.00 $ 218,972.52
$ 193,378.86
and Deposits
(Subparagraph (7)(d)(1))
Less:
Adjustments
0      $ 151,057.12
$ 59,928.02
(Subparagraph (7)(d)(1))
Net Unreported Income
$ 10,818.00 $ 67,915.40
$ 133,450.84
Interest income
$ 172.35
$ 159.09
Capital gain
$ 85,000.00 I.R.C. sec. 1202
($ 51,000.00)
deduction
Unreported Income
$ 44,818.00 $ 68,087.75
$ 133,609.93 (4) The petitioner has been allowed two personal exemptions for his taxable years 1983 and 1984 for himself and his grandson. *300 (5) The petitioner has been allowed itemized deductions for his 1984 taxable year as follows:
Sales tax - Auto
$ 453.75
Sales tax - Tables
$ 907.00
Mortgage interest
$ 10,769.56
Real estate taxes
$ 1,045.39
Total itemized deductions
$ 13,175.70
Less zero bracket amount
($ 1,700.00
Itemized deductions
$ 11,475.70
(6) The amount of petitioner's taxable income for the taxable years 1983, 1984 and 1985 is as follows:
1983
1984
1985
Unreported income
$ 44,818.00 $ 68,087.75 $ 133,609.93
Personal exemptions
(2,000.00)
(2,000.00)
Itemized deductions
($ 11,475.70)
Adjustments
$ 42,818.00 $ 54,612.05 $ 133,609.93
Taxable income
$ 4,643.00
(shown on return)
Taxable income
$ 42,818.00 $ 54,612.05 $ 138,252.93
(e) The petitioner is liable for self-employment taxes for the taxable years 1984 and 1985 in the amounts of $ 4,271.40 and $ 4,672.80, respectively. (f) The petitioner is also liable for an alternative minimum tax for the taxable year 1983 in the amount of $ 1,513.00. (g) The petitioner understated his taxable income on his income tax returns for the taxable years 1983, 1984 and 1985 in the amounts of $ 42,818.00, $ 54,612.05 and $ 133,609.93, respectively. (h) The petitioner understated his income tax liabilities on his *301 income tax returns for the taxable years 1983, 1984 and 1985 in the amounts of $ 15,164.00, $ 22,546.40 and $ 59,645.12, respectively. (i) The petitioner failed to file an income tax return for the taxable years 1983 and 1984, and failed to pay any portion of the income tax liability due from him for said years. (j) The petitioner's failure to file an income tax return for the taxable years 1983 and 1984 was due to fraud with intent to evade tax. (k) The petitioner's failure to report a substantial amount of income in 1985 was due to fraud with intent to evade tax. (l) The petitioner's failure to pay his correct income tax liability for the taxable years 1983, 1984 and 1985 was due to fraud with intent to evade tax. (m) The petitioner's failure to maintain complete and accurate records in connection with the examination of his income tax returns for the taxable years 1983, 1984 and 1985 was fraudulent with the intent to evade tax. (n) A part of the underpayment of tax which petitioner was required to show on an income tax return for the taxable years 1983, 1984 and 1985 is due to fraud.
Petitioner did not file a reply to respondent's answer. On November 8, 1989, respondent filed a *302 motion for entry of order that undenied allegations in answer be deemed admitted under Rule 37(c). On November 8, 1989, the Court served on petitioner a notice of filing of motion for order under Rule 37 (the notice of filing). In the notice of filing, petitioner was given until November 28, 1989, to file a reply to respondent's answer as required by Rule 37(a) and (b). On November 13, 1989, petitioner filed a notice of change of address. By Order dated December 7, 1989, the Court extended the time within which petitioner could file his reply to respondent's answer until January 8, 1990. The December 7, 1989, Order was served on petitioner at the address contained in the notice of change of address. Neither the notice of filing nor the December 7, 1989, Order was returned to the Court by the U.S. Postal Service. Petitioner did not file a reply to respondent's answer or respond in any manner. On January 16, 1990, the Court granted respondent's motion for entry of order that undenied allegations in answer be deemed admitted under Rule 37(c). On March 5, 1990, respondent filed a motion for summary judgment pursuant to Rule 121(a). Respondent's motion for summary judgment requests *303 that we sustain the deficiencies in and additions to tax set forth in the notice of deficiency based on the deemed admissions contained in his answer. Respondent's motion for summary judgment was calendared for hearing on April 25, 1990. Petitioner failed to appear at the hearing or file a written statement in lieu of an appearance as permitted by Rule 50(c). A summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any; show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Respondent's motion for summary *304 judgment as to the income tax deficiencies for the years in issue is supported by the allegations in respondent's answer that have been deemed admitted under Rule 37(c). Based on these deemed admissions, we find that respondent has satisfied his burden of proving that no genuine issue of material fact exists as to his deficiency determinations and that he is entitled to a decision with respect to his deficiency determination as a matter of law. See Petzoldt v. Commissioner, 92 T.C. 661 (1989).Consequently, we will grant respondent's motion as to the amount of the deficiencies determined in the notice of deficiency. The next issue for decision is whether we should grant respondent's motion for summary judgment as to the additions to tax for fraud under section 6653(b)(1) and 6653(b)(2). Section 6653(b) provides in pertinent part as follows: (b) FRAUD.- (1) IN GENERAL. -- If any part of any underpayment * * * of tax * * * is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO FRAUD. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal *305 to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to fraud * * *.
Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Professional Services v. Commissioner, 79 T.C. 888, 930 (1982).The burden of proof is on respondent to show by clear and convincing evidence that some portion of the understatement of income for the years in issue was due to fraud with the intent to evade tax. Section 7454(a); Miller v. Commissioner, 51 T.C. 915 (1969).Respondent must establish that petitioner has underpaid his Federal income taxes for the years in issue and that some part of his underpayment was due to fraud. Hebrank v. Commissioner, 81 T.C 640, 642 (1983).
In Doncaster v. Commissioner , 77 T.C. 334 (1981), this Court held that facts deemed admitted under Rule 37(c) were sufficient to satisfy respondent's burden of affirmatively proving fraud. Petitioner is deemed to have admitted to facts which overwhelmingly establish substantial omissions of income. The admissions are replete with the requisite indicia of fraud. Marshall v. Commissioner, 85 T.C. 267 (1985). *306 In Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601, the Ninth Circuit gave a nonexclusive list of circumstantial evidence which may give rise to a finding of fraudulent intent. Some of these "badges of fraud" include: (1) understatement of income, (2) maintenance of inadequate records, (3) failure to file tax returns, (4) implausible or inconsistent explanation of behavior, (5) concealment of assets and (6) failure to cooperate with tax authorities. The deemed admissions provide that "petitioner understated his taxable income on his income tax returns for the taxable years 1983, 1984 and 1985 in the amounts of $ 42,818.00, $ 54,612.05 and $ 133,609.93, respectively." The deemed admissions also state that petitioner failed to "maintain complete and accurate records in connection with the examination of his income tax returns" for the years in issue and "file an income tax return for the taxable years 1983 and 1984." Moreover, the deemed admissions further state that unreported income for each of the years in issue was derived from "narcotics trafficking and various unknown taxable sources." We hold that the facts deemed admitted under Rule 37(c) *307 are sufficient to satisfy respondent's burden of proving that some portion of the understatement of income for the years in issue was due to fraud with intent to evade tax. Marshall v. Commissioner, supra; Doncaster v. Commissioner, supra.
Section 6501(c)(1) provides that in the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed at any time. Thus, the general three-year period of limitation on assessment and collection of tax provided in section 6501(a) is not applicable in the present case due to fraud. Section 6654(a) provides that in the case of any underpayment of estimated tax by an individual, there shall be added to the tax an amount determined at an annual rate established under section 6621. The deemed admissions state that petitioner "failed to pay any portion of the income tax liability due" for the 1983 and 1984 taxable years. Thus, we find that petitioner is liable for additions to tax for 1983 and 1984 under section 6654. Section 6661(a) provides that "If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 10 percent of the amount of any underpayment attributable *308 to such understatement." A substantial understatement occurs if the amount of the understatement of income tax for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Section 6661(b). The deemed admissions state that "petitioner understated his income tax liabilities on his income tax returns for the taxable years 1983, 1984 and 1985 in the amounts of $ 15,164.00, $ 22,546.40, and $ 59,645.12, respectively." The deemed admissions further state that "petitioner failed to file an income tax return for the taxable years 1983 and 1984, and failed to pay any portion of the income tax liability due from him for said years." The deemed admissions also state that petitioner reported a taxable income in the amount of $ 4,643 on his income tax return for 1985. We find that petitioner substantially understated his income tax liability for the years in issue and, thus, is liable for additions to tax for those years under section 6661. Accordingly, respondent's motion for summary judgment will be granted as to the deficiencies in and additions to tax set forth in the notice of deficiency. To reflect the foregoing, An appropriate order and *309 decision will be entered. Footnotes
*. 50 percent of the interest due on deficiency