NEIL A. DAVIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 31632-83.
United States Tax Court
T.C. Memo 1985-356; 1985 Tax Ct. Memo LEXIS 266; 50 T.C.M. (CCH) 453; T.C.M. (RIA) 85356; July 22, 1985. *266 Held: (1) Deficiencies in income tax for 1980 and 1981 sustained. (2) Additions to tax under sec. 6653(b), I.R.C. 1954, for fraud, and sec. 6654, I.R.C. 1954, for underpayment of estimated tax, sustained. (3) The United States is entitled to an award of damages under sec. 6673, I.R.C. 1954. Neil A. Davis, pro se. Willie Fortenberry, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioner's Federal income taxes: Additions to Tax
Sec. 6653(b)
Sec. 6654
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
1980
$7,280.00
$3,640.00
$411.00
1981
8,276.00
4,138.00
The issues for decision are: (1) Whether the petitioner is liable for the deficiencies in income tax for 1980 and 1981 as determined by the Commissioner; (2) whether the petitioner is liable for the addition to tax under section 6654 for 1980 for failure to pay estimated tax; (3) whether the petitioner is liable for the addition to tax under section 6653(b) for fraud for 1980 and 1981; and (4) whether the United States is entitled to an award of damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated, *268 and those facts are so found. The petitioner, Neil A. Davis, was a resident of Tampa, Fla., at the time he filed his petition in this case. He filed no Federal income tax return for 1980. For 1981, he filed tax protestor type documents in lieu of a proper tax return. During 1980 and 1981, the petitioner worked as a pipefitter and was a member of the Keystone Society, an organization that advocated that wages are not taxable income. During 1980, he received wage income totaling $25,778.45. During 1981, he received wage income totaling $27,916.27, and he received $105.00 from the Florida Department of Labor Employment Security. The petitioner timely received from his employers Forms W-2 which showed the wage income paid to him in 1980 and 1981. Prior to 1980, the petitioner filed Federal income tax returns which reported his wages as income. During 1980, the petitioner submitted at least five Forms W-4 (Employee's Withholding Allowance Certificate) to his employers. On such forms and under the penalties of perjury, he claimed that he was exempt from withholding because he had not owed Federal income tax in the previous year and had a right to a full refund of all income tax *269 withheld and because he did not expect to owe any Federal income tax in the year in which the Form W-4 was submitted and expected to have a right to a full refund of all income tax withheld. During 1981, he submitted to his employers at least six Forms W-4 on which he claimed to be exempt from withholding. In his notice of deficiency, the Commissioner determined that the petitioner had received $25,778.48 in taxable income in 1980 and $28,021.27 in taxable income in 1981. In addition, he determined that the petitioner was liable for the addition to tax for fraud under section 6653(b) for both 1980 and 1981 and that the petitioner was liable for the addition to tax for failure to pay estimated tax under section 6654 for 1980. The notice of deficiency also contained a statement informing the petitioner that wages are taxable income and that the position advocated by the Keystone Society was frivolous and groundless. Such statement further informed the petitioner that if he asserted frivolous and groundless positions in a Tax Court proceeding, the Commissioner would seek an award of damages under section 6673. OPINION The first issue for decision is whether the petitioner is liable *270 for the deficiencies in income tax for 1980 and 1981 as determined by the Commissioner. The petitioner has the burden of disproving the Commissioner's determination. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Welch v. Helvering,290 U.S. 111 (1933). In the present case, the petitioner has made no effort to disprove the Commissioner's determination. Instead, he has asserted frivolous and groundless tax protestor arguments that have long since been rejected by this and other courts. See, e.g., United States v. Buras,633 F.2d 1356 (9th Cir. 1980); Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein. Accordingly, we hold that the petitioner has failed to carry his burden of proof, and we sustain the Commissioner's deficiency determination for 1980 and 1981. The second issue for decision is whether the petitioner is liable for the addition to tax under section 6654 for 1980 for failure to pay estimated tax. The petitioner has the burden of disproving the Commissioner's determination as to an addition to tax under *271 section 6654. Rule 142(a); Hartley v. Commissioner,23 T.C. 353, 360 (1954). Since he has made no effort to introduce evidence to disprove the Commissioner's determination, we sustain such determination. The third issue for decision is whether the petitioner is liable for the addition to tax for fraud for 1980 and 1981. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b); Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), *272 affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. at 1123; Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment *273 results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the evidence in the record overwhelmingly establishes that the petitioner fraudulently underpaid his taxes during both of the years in issue. He properly filed returns for years prior to 1980; yet, he submitted no return for 1980, and the documents that he submitted for 1981 clearly did not constitute returns within the meaning of section 6011 and the regulations thereunder. See Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982); Reiff v. Commissioner,77 T.C. 1169 (1981). In addition, during 1980 and 1981, the petitioner submitted to his employers false Forms W-4 on at least 11 separate occasions. On such forms, he falsely claimed that he was exempt from withholding because he was not liable for income taxes for the past and current years. While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration, particularly when coupled with the *274 submission of false Forms W-4. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982). The petitioner was clearly aware of his obligation to file proper income tax returns, and it is also clear that he knowingly and willfully failed to fulfill such obligation. See Hebrank v. Commissioner,supra at 641-644; Rowlee v. Commissioner,supra at 1123-1126. Based on the record in the present case, we hold that the Commissioner has, by clear and convincing evidence, proved that the underpayments of the petitioner's taxes during the years at issue were due to fraud. The fourth issue for decision is whether the United States is entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * *275 * * This Court has been faced with numerous cases, such as this one, wherein taxpayers have advanced various frivolous and groundless positions in a blatant attempt to avoid their responsibility to pay their fair share of Federal income taxes. The petitioner in this case has abused the processes of this Court and wasted its resources. On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that the petitioner's position is both frivolous and groundless, and we accordingly award damages to the United States under section 6673 in the amount of $3,000. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years at issue, unless otherwise indicated.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩