CARL ROBERT TUCKER III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tucker v. Commissioner
Docket No. 33721-83.
United States Tax Court
T.C. Memo 1985-358; 1985 Tax Ct. Memo LEXIS 268; 50 T.C.M. (CCH) 458; T.C.M. (RIA) 85358; July 22, 1985. *268 Held: (1) Deficiency in income tax for 1981 sustained as modified. (2) P is liable for the addition to tax for fraud under sec. 6653(b), I.R.C. 1954. (3) The United States is entitled to an award of damages under sec. 6673, I.R.C. 1954, since the proceedings herein were instituted primarily for delay, and P's position was both frivolous and groundless. Carl Robert Tucker III, pro se. Willie Fortenberry, for the respondent. *269 SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the petitioner's Federal income tax for 1981 of $8,567.00 and an addition to tax of $4,283.50 pursuant to section 6653(b) of the Internal Revenue Code of 1954. [1] The issues for decision are: (1) Whether the petitioner is liable for the deficiency as determined by the Commissioner; (2) whether the petitioner is liable for the addition to tax for fraud under section 6653(b); and (3) whether the United States is to be awarded damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Carl Robert Tucker III, was a resident of Plant City, Fla., at the time he filed his petition in this case. During 1981, he was married to Mary Tucker, and they had three minor children. During 1982, the petitioner was a member of the Keystone Society, an organization that advocated that wages are not taxable income. He submitted tax protestor type documents *270 in lieu of a proper Federal income tax return for 1981. Such documents claimed that the petitioner received no wages in 1981. Such documents did show some interest income and the unemployment compensation received by the petitioner in 1981. The six Forms W-2 submitted with such documents were all marked "incorrect." Such Forms W-2 show that the petitioner received wages totaling $28,328.08 in 1981; they also show that a total of $3,408.96 in Federal income tax was withheld from his 1981 wages. The documents submitted by the petitioner also included a document entitled "Affidavit" in which he stated that the amounts shown on the Forms W-2 were not includable as income and six documents entitled "Request for Corrected Form W-2 Wage and Tax Statement" which the petitioner had allegedly sent to his 1981 employers in an effort to have them change the amounts of wages shown on the original Forms W-2. The petitioner also did not report his wages as taxable income for 1982 and 1983. For years prior to 1981, he had filed Federal income tax returns that did report his wages as income. In January 1981, the petitioner submitted to his employer a Form W-4 (Employee's Withholding Allowance *271 Certificate) claiming that he was exempt from withholding. During 1980, he submitted to his employers two Forms W-4 claiming to be exempt from withholding. In both 1982 and 1983, he also submitted to his employers Forms W-4 claiming to be exempt from withholding. In his notice of deficiency, the Commissioner determined that the petitioner had received, in 1981, wages totaling $28,328.08 that he had failed to report, unemployment compensation of $105.00 that he had failed to properly report, and interest income totaling $105.80 that he had failed to report. In addition, he determined that the petitioner was liable for the addition to tax for fraud under section 6653(b). The notice of deficiency also contained a statement informing the petitioner that wages are taxable income and that the position advocated by the Keystone Society was frivolous and groundless. Such statement further informed the petitioner that if he asserted frivolous and groundless positions in a Tax Court proceeding, the Commissioner would seek an award of damages under section 6673. OPINION The first issue for decision is whether the petitioner is liable for the deficiency in income tax for 1981 as determined *272 by the Commissioner.The petitioner has the burden of disproving such determination. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Welch v. Helvering,290 U.S. 111 (1933). In the present case, the petitioner has made no real effort to disprove the Commissioner's determination, other than to prove that he is entitled to a total of five exemptions. Accordingly, we hold that the petitioner has failed to carry his burden of proof in all respects other than his entitlement to five exemptions, and we sustain the Commissioner's deficiency determination for 1981 as modified. The second issue for decision is whether the petitioner is liable for the addition to tax for fraud for 1981. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b); Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); *273 Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Gajewski v. Commissioner,67 T.C. at 200. *274 Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the evidence in the record clearly and convincingly establishes that the petitioner fraudulently underpaid his income tax for 1981. He properly filed returns for years prior to 1981; yet, the documents that he submitted for 1981 clearly did not constitute returns within the meaning of section 6011 and the regulations thereunder. See Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982); Reiff v. Commissioner,77 T.C. 1169 (1981). In addition, during *275 1981, as well as during 1982 and 1983, the petitioner filed false Forms W-4. On such forms, he falsely claimed that he was exempt from withholding because he was not liable for income taxes for the past and current years. While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration, particularly when coupled with the submission of false Forms W-4. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982). The petitioner was clearly aware of his obligation to file proper income tax returns, as evidenced by his filing returns which reported his wages as taxable income in prior years, and it is also clear that he knowingly and willfully failed to fulfill such obligation for 1981. See Hebrank v. Commissioner,supra at 641-644; Rowlee v. Commissioner,supra at 1123-1126. Based on the record in the present case, we hold that the Commissioner has, by clear and convincing evidence, proved that the underpayment of the petitioner's tax for 1981 was due to fraud. The third issue for decision is whether the United States is entitled *276 to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * This Court has been faced with numerous cases, such as this one, wherein taxpayers have advanced various frivolous and groundless positions in a blatant attempt to avoid their responsibility to pay their fair share of Federal income taxes. The petitioner in this case has abused the processes of this Court and wasted its resources. On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that the petitioner's position at the time he instituted these proceedings was both frivolous and groundless. Although the petitioner claimed, at trial, and was allowed four additional exemptions, his primary contentions, as evidenced by his petition and reply, were typical of a tax protestor and were both frivolous *277 and groundless. Accordingly, we award damages to the United States under section 6673 in the amount of $3,000. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1981, unless otherwise indicated.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩