PAUL D. CALLIHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Calliham v. Commissioner
Docket No. 30590-83.
United States Tax Court
T.C. Memo 1985-381; 1985 Tax Ct. Memo LEXIS 256; 50 T.C.M. (CCH) 559; T.C.M. (RIA) 85381; July 29, 1985. *256 Held: (1) P is liable for the addition to tax for fraud under sec. 6653(b), I.R.C. 1954, for 1980 and 1981. (2) The United States is entitled to an award of damages under sec. 6673, I.R.C. 1954. Keith H. Johnson, for the *257 respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioner's Federal income taxes: Additions to Tax
Sec. 6653(b)
Sec. 6654
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
1980
$3,574.00
$1,787.00
1981
$7,254.00
$3,627.00
$556.00
The issues for decision are: (1) Whether the petitioner is liable for the addition to tax for fraud under section 6653(b) for 1980 and 1981; and (2) whether the United States is entitled to an award of damages under section 6673. FINDINGS OF FACT None of the facts have been stipulated. The petitioner, Paul D. Calliham, was a legal resident of Tampa, Fla., at the time he filed his petition in this case. He filed tax protestor type documents in lieu of a proper Federal income tax return for 1980. The documents filed by the petitioner for 1980 were typical of the documents submitted in lieu of proper tax returns by members of the Keystone Society, *258 an organization that advocated that wages were not taxable income. He filed no documents as a tax return for 1981. During 1980, the petitioner received wages totaling $19,180.64 and interest of $23.00. During 1981, he received wages totaling $29,575.53. The petitioner timely received from his employers Forms W-2 which showed the wages paid to him in 1980. Prior to 1980, the petitioner filed Federal income tax returns which reported his wages as income. During 1980, the petitioner submitted at least one Form W-4 (Employee's Withholding Allowance Certificate) to one of his employers; on such form, he claimed that he was exempt from Federal income tax withholding. During 1981, he submitted at least one other Form W-4 claiming to be exempt from Federal income tax withholding, and he submitted Forms W-4 claiming exempt status to his employers during 1982 and 1984. In his notice of deficiency, the Commissioner determined that the petitioner had received $19,203.64 in taxable income in 1980 and $29,575.53 in taxable income in 1981. In addition, he determined that the petitioner was liable for the addition to tax for fraud under section 6653(b) for both 1980 and 1981 and that the *259 petitioner was liable for the addition to tax for failure to pay estimated tax under section 6654 for 1981. The notice of deficiency also contained a statement informing the petitioner that wages are taxable income and that the position advocated by the Keystone Society was frivolous and groundless. Such statement further informed the petitioner that if he asserted frivolous and groundless positions in a Tax Court proceeding, the Commissioner would seek an award of damages under section 6673. OPINION The petitioner did not appear for the trial of his case. The Commissioner moved to dismiss the case for failure to prosecute as to the deficiencies and the addition to tax under section 6654 for underpayment of estimated tax for 1981, and the Court indicated that it would grant such motion. Thus, the first issue for decision is whether the petitioner is liable for the addition to tax for fraud for 1980 and 1981. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing *260 evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his durden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial *261 evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the evidence in the record overwhelmingly establishes that the petitioner fraudulently underpaid his taxes during both of the years in issue. He properly filed returns for years prior to 1980; yet, he submitted no return for 1981, and the documents that he submitted for 1980 *262 clearly did not constitute a return within the meaning of section 6011 and the regulations thereunder. See Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982); Reiff v. Commissioner,77 T.C. 1169 (1981). In addition, during 1980 and 1981, as well as 1982 and 1984, the petitioner submitted to his employers false Forms W-4. On such forms, he falsely claimed that he was exempt from Federal income tax withholding. While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration, particularly when coupled with the submission of false Forms W-4. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Habersham-Bay v. Commissioner,78 T.C. 304, 312-314 (1982). The petitioner was clearly aware of his obligation to file proper income tax returns, and it is also clear that he knowingly and willfully failed to fulfill such obligation for 1980 and 1981. See Hebrank v. Commissioner,supra at 641-644; Rowlee v. Commissioner,supra at 1123-1126. Based on the record in the present case, we hold that the Commissioner *263 has, by clear and convincing evidence, proved that the underpayments of the petitioner's taxes during the years at issue were due to fraud. The second issue for decision is whether the United States is entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * This Court has been faced with numerous cases, such as this one, wherein taxpayers have advanced various frivolous and groundless positions in a blatant attempt to avoid their responsibility to pay their fair share of Federal income taxes. The petitioner in this case has abused the processes of this Court and wasted its resources. On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that the petitioner's position is both frivolous and groundless, and we accordingly award damages to the *264 United States under section 6673 in the amount of $3,000. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years at issue, unless otherwise indicated.↩