ROBERT W. SPENCER AND ROSALIE D. SPENCER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spencer v. Commissioner
Docket No. 8991-83.
United States Tax Court
T.C. Memo 1986-379; 1986 Tax Ct. Memo LEXIS 231; 52 T.C.M. (CCH) 200; T.C.M. (RIA) 86379; August 14, 1986. *231 Held, respondent's motion to dismiss the petition and enter a decision in the amount of deficiencies in income tax for 1977 and 1978 as determined by respondent will be granted. Rule 123(b), Tax Court Rules of Practice and Procedure.Held further, matters deemed admitted by petitioners pursuant to Rule 90(c) were sufficient to satisfy respondent's burden of proving fraud. Respondent's motion to dismiss and enter a decision in the amount of the addition to tax for fraud under section 6653(b), I.R.C. 1954, deemed to be a motion for summary judgment on this issue, granted. Robert *232 W. Spencer and Rosalie D. Spencer, pro se. James Kamman, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This matter is before the Court on respondent's motion under Rule 123(b)[1] to dismiss the petition for failure to properly prosecute and enter decision in the amount of the deficiencies determined by respondent in income tax and addition to tax for fraud under section 6653(b) for the years 1977 and 1978. [2]
As reflected in a deficiency notice to petitioners dated January 19, 1983, respondent determined the following deficiencies: Additions to Tax
Year
Deficiency
Section 6653(b)
1977
$67,901
$33,951
1978
44,270
22,135
As to respondent's *233 motion to dismiss insofar as it relates to the section 6653(b) addition to tax for fraud, we think a more appropriate procedural approach would have been a motion for summary judgment under Rule 121. Indisputably, a decision may not be entered against a petitioner based upon the dismissal of his petition for failure to properly prosecute on an issue, such as fraud, where respondent has the burden of proof. See Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). In cases such as the instant case, however, where there are no undisputed facts by reason of deemed admissions and petitioners have in no way sought to disavow those facts or introduce any additional or rehabilitating evidence, summary judgment based on the facts deemed admitted is appropriate. We accordingly proceed on the basis that respondent's motion to dismiss insofar as the fraud issue is concerned will be treated as a motion for summary judgment under Rule 121. Respondent's motion is based upon his Request for Admissions (the Request) served upon petitioners on January 2, 1986, pursuant to Rule 90. As required by Rule 90(b) the original was filed with the Court on January 7, 1986. Petitioners have *234 never responded to the Request, nor did they appear at the hearing when this case was called from the calendar for trial in Los Angeles, California, on February 18, 1986, pursuant to notice which had been duly served upon the parties on October 10, 1985. The trial of the case had previously been continued from a February 4, 1985, trial date at petitioners' oral request in open court and again from a March 11, 1985, trial date, again at petitioners' request in open court. At the hearing on February 18, 1986, respondent's counsel stated for the record that the only communication respondent had received from petitioners since the March 11, 1985, hearing was a letter dated January 21, 1986, from petitioner Robert W. Spencer stating that he was unable to meet with respondent's counsel. We note that the date of this letter was 19 days after service of the Request, so that petitioners were aware of the matters requested to be admitted at the time they declined to meet with respondent's counsel. Also, the Court takes judicial notice of the fact that the Court's file reflects no communication from petitioners since the March 11, 1985, Court appearance by Robert. Petitioners have the *235 burden of proof insofar as the income tax deficiencies are concerned. Rule 142(a). Since petitioners have failed properly to prosecute this case and consequently have failed to carry their aforesaid burden of proof, the case will be dismissed insofar as the deficiencies in income tax for 1977 and 1978 are concerned. Gilday v. Commissioner,62 T.C. 260 (1974). Under Rule 90(c), each matter contained in a request for admissions is deemed admitted unless, within 30 days after service of the request, there is an adequate response to the matters contained in the request by the opposing party. Since petitioners have failed to respond in any manner to respondent's duly served and filed Request, the matters contained therein are deemed admitted. Dahlstrom v. Commissioner,85 T.C. 812 (1985); Freedson v. Commissioner,65 T.C. 333, 334-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978). The Request consists of 335 numbered paragraphs and Exhibits A through DE, all of which are deemed admitted as aforesaid. The multitude of facts deemed admitted are replete with admissions of understated income and fictitious or blatantly unallowable *236 deductions. Included among the matters deemed admitted by petitioners are the following: During 1977 petitioners realized net profits of $113,365.00 from financial planning activity in lieu of the $28,138.00 shown on their tax return. During 1978 petitioners realized net profits of $102,593.00 from financial planning activity in lieu of $36,313.00 shown on their tax return. The petitioners failed to maintain complete and accurate records of their income producing activities and their failure to produce complete and accurate records to the respondent in connection with the examination of their income tax returns for the taxable years 1977 and 1978 were fraudulent with intent to evade tax. Petitioners' omission of substantial amounts of income from their tax returns for 1977 and 1978 was fraudulent with intent to evade tax. The petitioners did not file their 1977 and 1978 income tax returns until contacted by an Internal Revenue Service employee and requested to do so. The matters deemed admitted by petitioners resulted in an increase in the income tax reflected on petitioners' delinquent returns in the amounts of $67,901 and $44,270 for 1977 and 1978, respectively. Fraud *237 is defined as an intentional wrongdoing designed to evade tax believed to be owing. Professional Services v. Commissioner,79 T.C. 888, 930 (1982). The burden of proof rests on respondent to show by clear and convincing evidence that some portion of the understatement of income for such year was due to fraud with intent to evade tax. Section 7454(a); Miller v. Commissioner,51 T.C. 915 (1969). Respondent must establish that petitioners have underpaid their taxes for each year and that some part of their underpayment was due to fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983). Petitioners are deemed to have admitted facts which overwhelmingly establish substantial omissions of taxable income. Likewise, the admissions are replete with the requisite indicia of fraud. Marshall v. Commissioner,85 T.C. 267 (1985); Doncaster v. Commissioner,77 T.C. 334 (1981). The omissions of taxable income resulted in substantial underpayments of tax for each of the two years in issue. We therefore find that the facts deemed admitted under Rule 90(c) are sufficient to satisfy respondent's burden of proving *238 that some portion of the understatement of income for each of the years in question was due to fraud with the intent to evade tax. Marshall v. Commissioner,supra; see also Cassidy v. Commissioner,T.C. Memo. 1986-133. In his answer respondent pleads in the alternative that if the addition to tax for fraud is not approved by the Court for each of the years in issue, then petitioners are liable under section 6651(a)(1) for the additions to tax for failure to timely file their 1977 and 1978 returns. Several of the matters deemed admitted relate to this alternative issue. By reason of respondent's pleading this issue in the alternative, it is now rendered moot by our holding herein on the addition to tax for fraud. Respondent's motion will be granted. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise noted, all section references are to sections of the Internal Revenue Code of 1954 in effect for the years in question. ↩
2. Rule 123(b)↩ provides that the Court may dismiss a case at any time and enter a decision against a petitioner for failure by petitioner properly to prosecute the case. Rule 142(b) places the burden of proof on the respondent as to the issue of fraud.