ALBERT BUCHBINDER AND EILEEN BUCHBINDER JANIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ALBERT BUCHBINDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buchbinder v. Commissioner
Docket Nos. 24596-81, 24597-81.
United States Tax Court
T.C. Memo 1986-485; 1986 Tax Ct. Memo LEXIS 113; 52 T.C.M. (CCH) 671; T.C.M. (RIA) 86485; September 29, 1986. *113 Held, matters deemed admitted and stipulated by husband-petitioner were sufficient to satisfy respondent's burden of proving fraud under section 6653(b), I.R.C. 1954. Held further, based upon stipulation between wife-petitioner and respondent, there is no deficiency in tax or addition to tax under section 6653(b) due from wife-petitioner. Albert Buchbinder, pro se. Harvey Tack, for the petitioner Eileen Buchbinder Janis. Mark Priver, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This matter is before the Court on respondent's motions for summary judgment pursuant to Rule 121. [1] Respondent determined the following deficiencies: Income Tax
Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1968
$474,652.83
$237,576.01
1969
308,930.05
154,465.03
1970
568,983.28
284,491.64
1971
1,082,168.37
542,212.16
1972
955,438.23
477,719.11
1973
596,671.73
298,335.87
19,093.50
1974
317,723.28
158,861.54
10,167.14
Respondent has stipulated that petitioner Eileen Buchbinder Janis is not liable for any tax (including interest, royalties or other amounts) which *115 may be determined to be due for any of the taxable years 1968 through 1972, inclusive. Accordingly, the only issues remaining in controversy in this case are those involving the income adjustments and fraud additions as they pertain to Albert Buchbinder, individually. The Court will accordingly enter a decision reflecting no deficiency in income tax or additions to tax due from Eileen Buchbinder Janis. Albert Buchbinder is hereinafter referred to as "petitioner." The issue for decision is whether petitioner failed to report income from certain theft and embezzlement activities on Federal income tax returns for 1968 through 1974, inclusive, and whether such omissions are due to fraud within section 6653(b). Respondent filed a motion for summary judgment for the years 1968 through 1972 on August 13, 1985, and a second motion for summary judgment for the years 1973 and 1974 on September 27, 1985. The cases were subsequently consolidated on December 12, 1985, and we proceed in this Opinion on a consolidated basis. A hearing on the motions was held subsequently in Los Angeles, California. Petitioner failed to respond to either motion, nor did he appear in person or by counsel *116 at the hearing. Respondent's motions are based upon facts deemed admitted and therefore uncontroverted pursuant to two separate "Respondent's Second Request for Admissions to Albert Buchbinder" (one filed in each docketed case), copies of which were served on petitioner on May 23, 1985, and July 9, 1985, and the originals of which were filed with the Court on May 28, 1985, and July 15, 1985. Petitioner has never responded to the requests for admissions, and the matters contained therein are accordingly deemed admitted pursuant to Rule 90(c). The Court's records do not reveal that petitioner has at any time communicated with the Court regarding the requests for admissions or the motions for summary judgment. One further preliminary matter remains for disposition. On December 9, 1985, respondent filed a motion under Rule 91(f) to compel petitioner to stipulate facts. The Court issued a show cause order dated December 12, 1985, directing petitioner to file a response and show cause by January 21, 1986, why respondent's motion should not be granted. Since petitioner also failed to respond to the show cause order or to appear in response thereto, respondent's motion is granted and *117 the facts recited in respondent's motion are deemed to be stipulated. The relevant facts are as follows: Petitioner was, at the time the petition was filed, a resident of California. During the taxable years 1968 through 1972, petitioner filed joint individual income tax returns with his wife, Eileen Buchbinder. Throughout these years petitioner was a general partner with his brother, Robert Buchbinder, in a partnership known as "Buchbinder & Company" (hereinafter called Buchbinder or the partnership). Petitioner and Robert filed, for the calendar years 1968 through 1972, partnership tax returns for Buchbinder. Petitioner is the same person who was the defendant in a criminal case entitled United States v. Albert J. Buchbinder, Case No. CR 75-1679MML, in the United States District Court for the Central District of California. The judgment entered in that case has become final. Respondent is a party in privity with the United States, the prosecuting party in the aforesaid criminal case in which petitioner was the defendant. An indictment filed in the criminal case sets forth the following charge against the defendant (petitioner): The Grand Jury Charges: COUNT *118 ONE [26 U.S.C. 7201] That on or about October 30, 1969, in the Central Judicial District of California, defendant ALBERT J. BUCHBINDER, a resident of West Covina, California, who during the calendar year 1968 was married, did willfully and knowingly attempt to evade and defeat a large part of the tax due and owing by him and his wife to the United States of America for the calendar year 1968, by filing and causing to be filed with the Director, Internal Revenue Service Center, Western Region, at Ogden, Utah, a false and fraudulent joint income tax return on behalf of himself and his wife, wherein it was stated that there was not taxable income (a taxable income of minus $11,886) for that calendar year and that there was no tax due and owing, whereas, as he then and there well knew, their joint taxable income for the said calendar year was in the sum of $315,106.98, upon which said taxable income there was owing to the United States of America an income tax of $130,371.54. On March 10, 1977, petitioner entered a plea of guilty to the charge set forth against him in the indictment. After questioning petitioner, the Court accepted his plea of guilty to *119 Count One of the indictment. On April 13, 1977, the District Court entered its judgment of conviction. The judgment was based upon petitioner's plea of guilty and the Court's determination that there was a factual basis for the plea. By his plea of guilty, petitioner admitted that he willfully filed a false and fraudulent income tax return for the taxable year 1968 with intent to evade and defeat tax, and admitted that due to such fraud his and his wife's correct tax liability was understated in the income tax return filed by him for said year. A determination by the Court that petitioner willfully filed a false and fraudulent income tax return for the taxable year 1968 with intent to evade and defeat tax, and that due to such fraud there was an underpayment of the correct income tax due and owing by petitioner for 1968, was essential to support the judgment of conviction entered in the criminal case. Buchbinder overstated the deductions claimed on its 1968 partnership return by the amount of $160,145.20. Such overstatement of deductions claimed on the 1968 partnership return was done fraudulently and with intent to evade taxes. Buchbinder understated the income it reported *120 on its 1968 partnership return, as established by the bank deposits method of proof, by the amount of $6,002.75. Buchbinder's understatement of income reported on its 1968 partnership return was done fraudulently and with intent to evade taxes. Petitioner's distributive share of the income from the activities of Buchbinder in 1968 was $93,751.38. Petitioner's joint individual income tax return for the taxable year 1968 reported a distributive share of income from the activities of Buchbinder in the amount of $10,677.00. Petitioner underreported his distributive share of income from the activities of Buchbinder on his 1968 joint individual income tax return by the amount of $83,074.38. Petitioner's failure to report his true share of the income from the activities of Buchbinder on his 1968 joint individual income tax return was done fraudulently and with intent to evade taxes. Petitioner received income in 1968 in excess of the amount he reported on his 1968 joint individual income tax return, as established by the bank deposits method of proof, in the amount of $180,872.19.His failure to report $180,872.19 in income which he earned in 1968 was done fraudulently and with intent *121 to evade taxes. Petitioner received capital gain income, net of any allowable exclusion, in 1968 in the amount of $433,139.08. Petitioner's 1968 joint individual income tax return did not report any capital gain income received in 1968. Petitioner's failure to report the capital gain income he received in 1968 was done fraudulently and with intent to evade taxes. Buchbinder overstated the deductions claimed on its 1969 partnership return by the amount of $273,019.42. The partnership's overstatement of deductions claimed on its 1969 partnership return was done fraudulently and with intent to evade taxes. Buchbinder understated the income it reported on its 1969 partnership return, as established by the bank deposits method of proof, by the amount of $408,415.46. The understatement of income reported on the 1969 partnership return was done fraudulently and with intent to evade taxes. Petitioner's distributive share of the income from the activities of the partnership in 1969 was $189,080.11. Petitioner's joint individual income tax return for the taxable year 1969 reported a loss in the amount of $21,524.00 as his distributive share of the income (loss) from the activities *122 of Buchbinder in 1969. Petitioner underreported his distributive share of income from the activities of Buchbinder on his 1969 joint individual income tax return by the amount of $210,604.11. Petitioner's failure to report his true share of the income from the activities of Buchbinder on his 1969 joint individual income tax return was done fraudulently and with intent to evade taxes. Petitioner earned income in excess of the amount he reported on his 1969 joint individual income tax return, as established by the bank deposits method of proof, by the amount of $19,226.77. Petitioner's failure to report $19,226.77 in income he earned in 1969 was done fraudulently and with intent to evade taxes. Petitioner received capital gain income, net of any allowable exclusion, in 1969 in the amount of $269,756.96. His 1969 joint individual income tax return did not report any capital gain income received in 1969. His failure to report the capital gain income he received in 1969 was done fraudulently and with intent to evade taxes. Buchbinder overstated the deductions claimed on its 1970 partnership return by the amount of $118,274.02.The overstatement of deductions claimed on the 1970 *123 partnership return was done fraudulently and with intent to evade taxes. Buchbinder understated the income it reported on its 1970 partnership return, as established by the bank deposits method of proof, by the amount of $116,267.63. The understatement of income reported on the 1970 partnership return was done fraudulently and with intent to evade taxes. In April, 1970, Buchbinder received a pledge of 7,100 shares of American Motors stock from Norman D. Reisch as collateral for a loan. The partnership represented to Reisch that it would not sell the 7,100 shares of stock pledged unless Reisch defaulted in some way in his repayment of the loan. Reisch never defaulted in his payment of the loan which was collateralized by his 7,100 shares of American Motors stock. He never authorized Buchbinder or petitioner or anyone else to sell, in 1970, the 7,100 shares of American Motors stock which he, Reisch, had pledged. In May, 1970, Buchbinder, through petitioner, its general partner, sold the 7,100 shares of American Motors stock pledged by Reisch and received $56,024.73. Buchbinder thereafter converted the $56,024.73 received from the sale of the 7,100 shares of American Motors stock *124 to its own use and benefit. Buchbinder's conversion of the American Motors stock and its subsequently realized proceeds was done with the intent to deprive Reisch of the 7,100 shares of American Motors stock. Buchbinder received income in 1970 in the amount of $56,024.73 which resulted from the wrongful sale of the 7,100 shares of American Motors stock owned and pledged by Reisch. Buchbinder failed to report as income on its 1970 partnership return the $56,024.73 which it realized from the wrongful conversion of Reisch's American Motors stock. Buchbinder's failure to report the $56,024.73 which it wrongfully received from the sale of Reisch's American Motors stock was done fraudulently and with intent to evade taxes. In April, 1970, petitioner, acting on behalf of Buchbinder, induced Richard Muchmore to pledge 3,000 shares of Raychem stock to Buchbinder as security for a loan. Petitioner represented, on behalf of Buchbinder, that the 3,000 shares of Raychem stock would be deposited with brokerage firms as "subordinated net capital." Petitioner further represented, on behalf of Buchbinder, that the 3,000 shares of Raychem stock would not be sold since it was understood that such *125 sale might adversely affect the stock's market price and, as well, might produce undesirable tax consequences for Muchmore. In May, 1970, petitioner, acting on behalf of Buchbinder, sold 2,000 shares of Raychem stock through his personal brokerage account with Cowen & Company and received $207,747.40. The $207,747.400 received by petitioner on behalf of Buchbinder from the sale of 2,000 shares of Raychem stock was converted to the use and benefit of Buchbinder. The conversion by Buchbinder of the 2,000 shares of Raychem stock and the proceeds in the amount of $207,747.40 recognized therefrom was done with the intent to deprive Muchmore of his property, i.e., the 2,000 shares of Raychem stock. In June, 1970, petitioner, acting on behalf of Buchbinder, induced Muchmore to pledge an additional 1,000 shares of Raychem stock to Buchbinder for the purpose of securing further loans. Petitioner, on behalf of Buchbinder, represented that the 1,000 shares of Raychem stock pledged would be returned, irrespective of any default on any loan by Muchmore, no later than one year after the date of the pledge. Petitioner, on behalf of Buchbinder, further represented that the 1,000 shares of *126 Raychem stock pledged would not be sold, but would be used only as security for the further loans contemplated. In June, 1970, petitioner, acting on behalf of Buchbinder, sold the 1,000 shares of Raychem stock pledged by Muchmore through Buchbinder's account at E. F. Hutton and Company for $88,343.55. The $88,343.55 received by Buchbinder from the sale of 1,000 shares of Raychem stock was converted to Buchbinder's own use and benefit. The conversion by Buchbinder of the 1,000 shares of Raychem stock and the proceeds in the amount of $88,343.55 recognized therefrom was done with the intent to deprive Muchmore of his property, i.e., the 1,000 shares of Raychem stock. Buchbinder received income in 1970 in the amount of $296,090.75 which resulted from the wrongful conversion of the 3,000 shares of Raychem stock from Muchmore. Buchbinder failed to report the $296,090.75 as income on its 1970 partnership return. Buchbinder's failure to report the $296,090.75 income was done fraudulently and with intent to evade taxes. As of January 16, 1970, Buchbinder owed $600,000.00 to Catherine L.V.W. Spencer, as trustee under a declaration of trust dated January 2, 1936, on a bona fide debt. In *127 September, 1970, Spencer, as trustee under the declaration of trust, communicated to Buchbinder that she had discharged the partnership and its partners from any and all liability on the $600,000.00 debt owing to her. The consideration for Buchbinder's release from liability on the $600,000.00 debt was Spencer's acceptance and disposition of certain collateral originally pledged as security by Buchbinder.Upon disposition of the collateral pledged by Buchbinder, Spencer received $5,000.00. In 1970, Buchbinder realized income from the discharge of its indebtedness to Spencer in the amount of $595,000.00. Buchbinder failed to report on its 1970 partnership return the income it realized in the amount of $595,000.00 from the discharge of its debt owing to Spencer. Buchbinder's failure to report the income it realized in the amount of $595,000.00 from the discharge of its debt owing to Spencer was done fraudulently and with intent to evade taxes. For the year 1970, Buchbinder received ordinary income in the amount of $1,181,657.13. Buchbinder's 1970 partnership return reported 1970 ordinary loss of $125,035.94. Buchbinder's understatement of income on its 1970 partnership return *128 by the amount of $1,306,692.00 was done fraudulently and with intent to evade taxes. Petitioner's distributive share of the income from the activities of the partnership in 1970 was $590,828.55. Petitioner's joint individual income tax return for the taxable year 1970 reported a $74,199.00 loss as his distributive share from the activities of Buchbinder. Petitioner underreported his distributive share of the income from the activities of Buchbinder on his 1970 joint individual income tax return by the amount of $665,027.55.Petitioner's failure to report his true share of the income from the activities of Buchbinder on his 1970 joint individual income tax return was done fraudulently and with intent to evade taxes. Petitioner received income in 1970 in excess of the amount he reported on his 1970 joint individual income tax return, as established by the bank deposits method of proof, in the amount of $60,620.50. Petitioner's failure to report $60,620.50 in income he earned in 1970 was done fraudulently and with intent to evade taxes. Petitioner received capital gain income, net of any allowable exclusion, in 1970 in the amount of $14,401.02. Petitioner's 1970 joint individual *129 income tax return did not report any capital gain income received in 1970. Petitioner's failure to report the capital gain income he received in 1970 was done fraudulently and with intent to evade taxes. Between January and February of 1969, C. L. Grogan loaned petitioner $247,500.00. In August, 1970, Grogan communicated to petitioner that he was discharging him from any and all liability on the $247,500.00 debt then owing. The consideration for Grogan's release of petitioner from liability on the $247,500.00 debt was Grogan's acceptance of the collateral originally pledged by petitioner as security for the loan. At a public auction held by Grogan in an effort to sell the pledged collateral, Grogan was unable to sell any of the collateral because said collateral had become worthless. Grogan has never received anything from or for the collateral pledged by petitioner to secure his loan from Grogan. In 1970, petitioner realized income from the discharge of his indebtedness to Grogan in the amount of $247,500.00. Petitioner failed to report on his 1970 joint individual income tax return the income he realized in 1970 in the amount of $247,500.00 from the discharge of his debt *130 to Grogan. Petitioner's failure to report the income he realized in 1970 from the discharge of his debt to Grogan was done fraudulently and with intent to evade taxes. Buchbinder overstated the deductions claimed on its 1971 partnership return by the amount of $55,432.70. Buchbinder's overstatement of deductions claimed on its 1971 partnership return was done fraudulently and with intent to evade taxes. Petitioner underreported his distributive share of income from the activities of Buchbinder on his 1971 joint individual income tax return by the amount of $26,601.62. Petitioner's failure to report his true share of the income from the activities of Buchbinder on his 1971 joint individual income tax return was done fraudulently and with intent to evade taxes. Petitioner's joint individual income tax return for 1971 reported a capital loss in the amount of $1,000.00.Petitioner's failure to report his correct capital gains on his 1971 joint individual income tax return in the amount of $59,673.00 was done fraudulently and with intent to evade taxes. Petitioner's joint individual income tax return for 1971 failed to report fee income he received from Fiducaire Suisse in 1971 *131 in the amount of $1,500,000.00. Petitioner's failure to report the fee income he received from Fiducaire Suisse in 1971 in the amount of $1,500,000.00 on his 1971 joint individual income tax return was done fraudulently and with intent to evade taxes. In May, 1970, petitioner pledged 1,000 shares of Muchmore's Raychem stock as collateral for a loan from David Alberts in the amount of $110,393.03. Alberts later loaned petitioner an additional $12,500.00.Alberts, with petitioner's knowledge and consent, sold the 1,000 shares of Raychem stock belonging to Muchmore. In September, 1971, Alberts discharged petitioner from his obligation to repay the $122,893.00 he had loaned to petitioner. At or about the same time that Alberts had discharged petitioner from his obligation to repay the loan, petitioner discharged Alberts from his obligation to return the 1,000 shares of Muchmore's Raychem stock to petitioner. Petitioner converted the 1,000 shares of Raychem stock previously pledged to him by Muchmore in return for $122,893.00. The $122,893.00 which petitioner received as loans became income to him when he was discharged of the obligation to repay the loans. Petitioner ultimately *132 converted Muchmore's 1,000 shares of Raychem stock to his own use and benefit when he likewise discharged Alberts of his obligation to return the stock. The conversion by petitioner of 1,000 shares of Raychem stock and the proceeds thereof in the amount of $122,893.00 was done with the intent to deprive Muchmore of his property, i.e., 1,000 shares of Raychem stock. Petitioner realized income in 1971 in the amount of $122,893.00 which resulted from the wrongful conversion of the 1,000 shares of Raychem stock from Muchmore. Petitioner failed to report as income on his 1971 joint individual income tax return the $122,893.00 he realized from the wrongful conversion of Muchmore's 1,000 shares of Raychem stock in 1971. Petitioner's failure to report on his 1971 joint individual income tax return the income he received in 1971 from the wrongful conversion of 1,000 shares of Raychem stock from Muchmore was done fraudulently and with intent to evade taxes. Buchbinder overstated the deductions claimed on its 1972 partnership return by the amount of $3,866.16. Buchbinder's overstatement of deductions claimed on its 1972 partnership return was done fraudulently and with intent to evade taxes. *133 Petitioner's 1972 joint individual income tax return reported a loss in the amount of $3,851.00 as his distributive share of the income from the activities of Buchbinder. Petitioner's distributive share of the income from the activities of Buchbinder in 1972 was $15.62. Petitioner underreported his distributive share of income from the activities of Buchbinder on his 1972 joint individual income tax return by the amount of $3,866.62. Petitioner's failure to report his true share of the income from the activities of Buchbinder on his 1972 joint individual income tax return was done fraudulently and with intent to evade taxes. Between June and December of 1972, petitioner converted to his own use and benefit 15,000 shares of Raychem stock. Petitioner used his own brokerage account or a nominee brokerage account to effect the sale of 15,000 shares of Raychem stock between June and December of 1972. The sale of the 15,000 shares of Raychem stock was effected without the knowledge or consent of the owner, Muchmore. Petitioner received the benefit of $1,423,250.00 from the sale of 15,000 shares of Raychem stock in 1972. The conversion by petitioner of 15,000 shares of Raychem stock *134 and the proceeds thereof in the amount of $1,423,250.00 in 1972 was done with the intent to deprive Muchmore of his property, i.e., the 15,000 shares of Raychem stock. Petitioner realized income in 1972 in the amount of $1,423,250.00 which resulted from the wrongful conversion 15,000 shares of Raychem stock from Muchmore. Petitioner failed to report as income on his 1972 joint individual income tax return the $1,423,250.00 he realized from the wrongful conversion of Muchmore's 15,000 shares of Raychem stock in 1972. Petitioner's failure to report on his 1972 joint individual income tax return the income he realized in 1972 from the wrongful conversion of 15,000 shares of Raychem stock from Muchmore was done fraudulently and with intent to evade taxes. Petitioner's joint individual income tax return for the taxable year 1970 overstated employee business expense deductions by the amount of $2,969.00. Petitioner's overstatement of deductible employee business expenses on his 1970 joint individual income tax return was done fraudulently and with intent to evade taxes. Petitioner's joint individual income tax return for the taxable year 1971 overstated deductible business expenses *135 on a schedule C by the amount of $86,030.00. Petitioner's overstatement of deductible business expenses on the schedule C filed with his 1971 joint return was done fraudulently and with intent to evade taxes. Petitioner's joint individual income tax return for the taxable year 1972 overstated deductible business expenses by the amount of $58,123.00. Petitioner's overstatement of deductible business expenses on his 1972 joint individual income tax return was done fraudulently and with intent to evade taxes. The matters deemed admitted and stipulated to by petitioner resulted in increases in petitioner's income tax as follows: Year
Amount
1968
$474,652.83
1969
308,930.05
1970
568,983.28
1971
1,082,168.37
1972
955,438.23
1973
596,671,73
1974
317,723.28
Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Professional Services v. Commissioner,79 T.C. 888, 930 (1982). The burden of proof rests on respondent to show by clear and convincing evidence that some portion of an understatement of income for a given year was due to fraud with intent to evade tax. Section 7454(a); Miller v. Commissioner,51 T.C. 915 (1969). *136 Respondent must establish that petitioner has underpaid his taxes for each year and that some part of his underpayment was due to fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983). For the year 1968, petitioner has admitted and stipulated that he pleaded guilty to the charge that he willingly filed a false and fraudulent joint income tax return for 1968 thereby attempting to evade and defeat a large part of the joint 1968 income tax due and owing by him and his wife for that year, a criminal offense under section 7201. Criminal tax evasion under section 7201 is equivalent to civil tax fraud under section 6653(b), and petitioner is therefore estopped from denying that his 1968 joint return was fraudulent. Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Respondent has accordingly carried his burden of proof as to 1968. As to 1968, as well as 1969 through 1974, inclusive, petitioner is also deemed to have admitted and stipulated facts which overwhelmingly establish substantial omissions of income and the claiming of false and fraudulent deductions. The admissions and stipulations are replete with *137 the requisite indicia of fraud. Marshall v. Commissioner,85 T.C. 267 (1985); Doncaster v. Commissioner,77 T.C. 334 (1981). The omissions of taxable income and the claiming of false deductions resulted in substantial underpayments of tax for each of the seven years in issue. We therefore find that the facts deemed admitted under Rule 90(c) and stipulated under Rule 91(f)(3) are sufficient to satisfy respondent's burden of proving that some portion of the understatement of income for each of the years in issue was due to fraud with intent to evade tax. Marshall v. Commissioner,surpa; see also Cassidy v. Commissioner,T.C. Memo. 1986-133. Section 6501(c)(2) provides that in case of a willful attempt in any manner to defeat or evade the income tax the tax may be imposed at any time.That is to say, the three-year period of limitations on assessment and collection of tax provided in section 6501(a) is not applicable in the case of fraud. Since respondent has proved fraud as to each of the years in question in this case, and petitioner has not challenged the amount of the deficiencies as determined by respondent, a decision *138 will be entered as to the deficiencies in tax and additions to tax under section 6653(b) for each year in the amounts determined by respondent. Respondent's motions will be granted. To reflect the foregoing, Appropriate orders and decisions will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. All section references, unless otherwise noted, are to sections of the Internal Revenue Code of 1954 in effect for the years in question.↩